STATE, use of SARAH A. FOY, and others *vs.* THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY.

### LIABILITY OF RAILROAD COMPANIES.

*Contributory negligence—Evidence—When the Court will instruct the jury that there is no evidence.*

In order to maintain an action against a railroad company for injuries received, &c., it must be proved that the injury was caused by the negligence of the defendant or its agents; and it must not appear from the evidence that want of ordinary care and prudence on the part of the person injured directly contributed to the injury.

Railroad companies, while prosecuting their lawful business, are bound to use ordinary and reasonable care to avoid inflicting injury upon others.

Railroad trains are liable to be detained by various causes, without any fault of the company, and negligence cannot be imputed to the company from the fact that a train may be behind the usual time.

The law does not impose the obligation upon a railway company to station persons at every crossing of a public road to warn travellers of approaching trains.

The fact of negligence is for the jury to decide where there is evidence legally sufficient to prove it, but in the absence of such evidence, it is the duty of the Court to withhold the case from the jury.

State, use of Foy, *et al. vs.* Phila., Wil. & Balto. R. R. Co.

The *onus probandi* as to negligence on the part of the company is on the plaintiff, as it is the ground of his action.

APPEAL from the Circuit Court for Harford County.

This was a suit brought on the 10th day of May, 1875, by the widow and children of a certain John B. Foy, of Harford County, against the Philadelphia, Wilmington and Baltimore R. R. Co., to recover damages for the killing of the said Foy, by the defendant. A great deal of evidence was offered on the part of the plaintiff for the purpose of showing that the defendant had not used proper care in the running of the train by which Foy was killed, and also to show that Foy had not been guilty of contributory negligence. The evidence offered by the defendant, tended to prove that ordinary care was used by the defendant, and that Foy had been guilty of such gross negligence as directly contributed to his death. The facts are sufficiently stated in the opinion of the Court.

The plaintiff offered six prayers, asking the instruction of the Court to the jury concerning the care required of the railroad company, contributory negligence on the part of Foy, and the measure and mode of assessing damages.

The Court rejected all the plaintiff's prayers. The defendant offered nine prayers. The defendant's first and second prayers, were as follows:

1st. That there is no sufficient evidence in this cause of negligence, on the part of defendant or defendant's agents, as would entitle the plaintiff to recover.

2nd. That the plaintiff is not entitled to recover in this case, because if John B. Foy was killed by the engine of the defendant, the negligence of said deceased directly contributed thereto.

The other prayers of defendant were on the same subjects as those of plaintiff, mentioned above.

The Court granted the defendant's first and second prayers, and rejected all the rest.

To the rejection of the plaintiff's prayers, and to the granting of the defendant's prayers by the Court, plaintiff excepted.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Henry W. Archer,* for appellant.

The Court rejected all of the six prayers offered by the plaintiff, and instructed the jury that the plaintiff was not entitled to recover :

1st. Because there was not sufficient evidence of negligence on the part of the defendant or its agents ; and

2nd. Because if Foy was killed by the engine of defendant, the negligence of the deceased contributed thereto.

The plaintiff will contend the Circuit Court erred in granting the instructions which were given, and also in refusing to grant the prayers offered by the plaintiff, and presents to the consideration of the Court the following points and authorities :

1st. That the question of negligence is one which varies with the circumstances of each particular case, and all the surrounding circumstances are proper to be considered in determining whether a party charged with negligence, has in the particular case, acted with the degree of care which the law requires. And in this case there was evidence of negligence on the part of the defendant which ought to have been submitted to the jury.

2nd. That the railroad company being clothed with extraordinary powers and exclusive privileges, and authorized by law to carry on a business attended with much danger to human life, and run their engines at a high and dangerous rate of speed through a densely populated community, it was their duty to exercise their privileges with a due regard to the dangers incident thereto, and use all such precautions proportionate to the degree of danger,

and reasonably within their power as were necessary or proper to prevent the occurrence of accidents, and whether the defendant did so or not, was a question of fact, proper to be submitted to the jury.

3rd. That where the railroad company finds it necessary or convenient in their business, to run their engines across public highways at such a rate of speed as to be unable to check their trains in time to prevent collisions, it is their duty, if reasonably within their power, to give signals, sufficient to warn travellers crossing on the highway, of the approach of their trains. That the notice required, and sufficiency of the signals given, depends upon the rate of speed, the locality and character of the crossing, the obstructions to sight and sound, and other circumstances in the case; in regard to all which there was evidence, much of which was conflicting, and which ought to have been submitted to the jury.

4th. That negligence is a question of fact, necessary to be found by the jury, and although it may be termed a mixed question of law and fact, the line of demarcation between them—between the province of the Court and the province of the jury—is well defined. It is within the province of the Court to decide whether the facts proven or admitted, and the inferences deducible from these, are sufficient in law to constitute negligence, but it has no right to *find the facts* or *draw the inferences.* Whenever, therefore, the facts are disputed or complicated, or the issue depends upon the inferences to be drawn from such facts, it is right and proper that the case should submitted to the jury, with suitable instructions upon the law.

5th. In regard to the alleged contributory negligence of the deceased. That is a matter of *defence* offered by defendant to defeat a case established *prima facie* against him, and upon principle, should always go to the jury, where there is any evidence to prove it.

It may well be doubted whether the Court can ever in any case find as a fact that negligence on the part of

either party, has been proved by his adversary. It has never been supposed that the Court could instruct the jury, "that the plaintiff has proved his case, and is entitled to a verdict," and it would seem to be unfair and contrary to all principle, where a plaintiff has made out a *prima facie* case, for the Court to give the instruction " that the Court has passed upon the defendant's evidence, has found as a fact that the plaintiff was guilty of contributory negligence, and that the jury must find for the defendant." Such was substantially the ruling of the Circuit Court in this case, and we think it was in error.

6th. The alleged negligence of the plaintiff depended upon a variety of facts and circumstances, and the evidence in regard to it was contradictory, and for these reasons it should have been submitted to the jury.

7th. Even if it were conceded that the plaintiff was guilty of negligence, there was evidence in the case from which the jury might have found that if the defendant had used due care, and had given proper warning of the danger, the accident would not have occurred.

We refer to the cases of *The Northern Central R. R. Co. vs. Price,* 29 *Md.,* 420, 435 to 440 ; *The Balto. & Ohio R. R. Co. vs. Shipley,* 31 *Md.,* 368, 370, 371 ; *Trainor vs. The B. & O. R. R. Co.,* 33 *Md.,* 542 ; *McMahon vs. The Nor. Cent. R. W. Co.,* 39 *Md.,* 438, 449 to 451 ; *Holmes vs. The City of Balto.,* 39 *Md.,* 243, 249 ; *City Pass. R. R. vs. McDonnell,* 43 *Md.,* 535, 553 ; *Bilbeo vs. London & Brighton R. R.,* 18 *C. B. N. S.,* 584, (114 *E. C. L Rep.;*) *Stout vs. The R. R. Co.,* 17th *Wallace, U. S. Rep.,* 657 ; *Williams vs. Grealy,* 112 *Mass.,* 79, 82 ; *Chaffee vs. Boston & Lowell R. R. Co.,* 104 *Mass.,* 112.

*Henry D. Fernandis* and *W. G. Scott,* for appellee.

In this case the Court below, granting the first and second prayers of the defendant, instructed the jury—1st. That there was no sufficient proof of negligence on part

of defendant or its agents to entitle plaintiff to recover ; and 2nd. That if John B. Foy was killed by the engine of the defendant, the negligence of deceased contributed thereto.

The appellee will maintain, that the instructions were proper, and that in giving them the Court did not transcend its powers, nor trench on the province of the jury.

No inference of negligence is to be drawn from the mere occurrence of the accident. The plaintiff must prove affirmatively the culpable negligence of defendant. *Frick vs. P., W. & B. R. R. Co.,* 39 *Md.,* 574.

In this case only ordinary care was required of defendant.

There is no proof that the usual and accustomed signals were not given, no deficiency in road, engines or works, no incapacity of the agents in charge, in fact nothing is proved tending to establish the culpable negligence of defendant, or want of ordinary diligence and care on its part.

Appellant asserts in his statement that there was evidence from which the jury might find all the facts in his statement.

Whilst this is not admitted, an examination of the record will show that it is not supported by the witnesses, the greater portion of the facts do not bear at all on the question of defendant's negligence.

The putting on of a new train was legitimate, but appellant's witnesses show that it had been running long enough for them to be familiar with it.

There is no proof that the train was eighteen minutes behind time.

None that it was running at the rate of a mile a minute— none that the conductor was mistaken in saying that Foy was not upon the track when the whistle was blown in passing the station-house, &c., &c.

State, use of Foy, *et al: vs.* Phila., Wil. & Balto. R. R. Co.

The rate of speed was usual and rightful. *Keech vs. Balto. & Ohio R. R. Co.,* 17 *Md.,* 32 ; *B. & O. R. R. Co. vs. Lamborn,* 12 *Md.,* 257 ; *Telfer vs. Nor. R. R. Co.,* 30 *N. Y.,* 188.

The whole evidence offered by plaintiff to show negligence on the part of defendant, is of the " slight and inconclusive character," that required the Court to declare its insufficiency.

The proof of the contributory negligence of the deceased is direct, full, unequivocal and uncontradicted. No witness suggests, and no fact indicates that he took the slightest precaution, or exercised the slightest prudence.

The negligence of the deceased is plain, the proof direct and uncontradicted ; there is no conflict of testimony on this subject.

Where there is a plain act of negligence of plaintiff, or the evidence as to that of defendant is slight and inconclusive, the Court will instruct, to prevent the jury from wild speculation or irrational conjecture. *Lewis vs. Balt. & O. R. R. Co.,* 38 *Md.,* 588, (598.)

The appellee will refer to *McMahon vs. N. C. R. R. Co.,* 38 *Md.,* 438; *Pittsburgh & Conn. R. R. Co. vs. Andrews,* 39 *Md.,* 329 ; *Balt. City P. R. R. Co. vs. Wilkinson,* 30 *Md.,* 224 ; *B. & O. R. R. Co. vs. State, use of Miller,* 29 *Md.,* 252 ; *B. & O. R. R. Co. vs. Fitzpatrick,* 35 *Md.,* 32 ; *Hanover R. R. Co. vs. Coyle,* 56 *Penn. St. R.,* 396; *N. Penn. R. R. Co. vs. Kestleman,* 49 *Penn. St.,* 60 ; *Penn. R. R. Co. vs. Beale,* 73 *Penn. St.,* 504 ; *McCall vs. N. Y. Central R. R. Co.,* 54 *N. Y.,* 642.

Bartol, C. J., delivered the opinion of the Court.

John B. Foy while crossing the railroad of the appellee, was struck by a passing train and killed, and this suit was instituted for the use of his widow and children to recover damages on account of his death.

In order to maintain the action it was incumbent on the plaintiff to prove that Foy's death was caused by the

negligence of defendant's agents, and it must not appear from the evidence that want of ordinary care and prudence on the part of the deceased, directly contributed to his death.

·After the testimony on both sides was closed, the Court below rejected the several prayers offered by the plaintiff, and by granting the *first* and *second* prayers of the defendant, instructed the jury :

1st. That there was no sufficient evidence of negligence on the part of defendant or defendant's agents to entitle the plaintiff to recover.

2nd. That plaintiff was not entitled to recover, because the negligence of the deceased directly contributed to cause his death.

The accident occurred at Perrymansville, Harford County, on the 21st day of January 1875, between 2 and half-past 2 o'clock in the afternoon.

At that place the railroad runs on a level nearly east and west, and for about $2\frac{1}{2}$ miles on each side of that point, in a straight line.

The county road crosses it at right angles. It appears from the proof that Foy left Quinlan's store, situated on the county road, about 500 yards north from the crossing, to go to his home on the south side of the railroad, about $2\frac{1}{2}$ miles from Perrymansville. He was riding alone in a covered carriage, called by the witness " a box carriage," with the curtains closed, buttoned down on each side and behind, but open in front.

Driving at a slow pace, about four miles an hour, he continued on his way without stopping, and as he was crossing the railroad, the "limited express train " going westwardly, struck against the carriage and killed him.

Perrymansville is a railway station, at which some of the trains stop, but "limited express trains " did not stop there. It is situated in a rural district, not in a town *or* village.

It appears by the plat as explained by the witnesses, that the station-house and warehouse belonging to the railroad company are on the north side of the railroad ; the former about 65 to 70 yards east from the crossing, and the latter about 200 yards. The space between them being about 130 yards.

North of the railroad, and on the east side of the county road ninety-five yards from the crossing is a barrack, south-east from that about twenty yards distant, are a corn-house and stable, and between them and the station-house is a shed and water-closet.

In passing from Quinlan's store to the crossing, the sight of the railroad on the east is partially obstructed by these buildings ; and as stated by the witness James H. Michael, for thirty-five steps before reaching the crossing the station-house and warehouse totally obstruct the view.

The train was moving at the usual speed, forty to fifty miles an hour. The usual signal was given by blowing the whistle at the whistling post, about one-fourth of a mile before reaching the crossing. The conductor and engineer were both on the locomotive, looking out, and as the train was passing the station-house, saw Foy's horse and wagon approaching the track, when two short sharp whistles were given, the usual danger signal ; it was then impossible to stop the train or to avoid the collision.

These are the uncontested facts as disclosed by the evidence, so far as it is material to state them, and the question is do they furnish any evidence, which it was proper to submit to the jury, of negligence on the part of the railroad company or its agents in the management of the train ? We have looked in vain for any such evidence, and the learned and ingenious counsel of appellant has failed to point it out.

The railroad company was engaged in the prosecution of its lawful business. It was bound only to use ordinary and reasonable care to avoid inflicting injury upon others.

There is no proof of incapacity of the agents in charge of the train, or of any negligence on their part.

It is said there was no sufficient lookout upon the train, but there is no evidence whatever to sustain this charge. The only testimony on this subject is that of the engineer and conductor, both of whom were on the locomotive looking out. The charge rests exclusively on the fact that they did not see Foy's horse and carriage until the train was passing the station, but it is shown by the evidence of the plaintiff that for thirty-five yards before reaching the crossing the sight was obstructed by the warehouse and station house. The whistle which was sounded at a quarter of a mile from the crossing, was the usual warning, and if Foy had used his eyes and his ears, as it was his duty to do, would have been an all-sufficient warning to him to prevent the accident.

Again it is said the train was behind the usual time. There is some evidence of this, several witnesses so testify, one of them, Jas. H. Michael, saying it was about twenty-five minutes past two. The schedule time was seven minutes past two. The conductor and engineer, who are more likely to be accurate, testified that it was two minutes later, reaching Perrymansville at nine minutes past two. But assuming the testimony of Mr. Michael to be correct, it is well known that railway trains are liable to be detained by various causes, without any fault of the company, and negligence cannot be imputed to it from the fact that a train may be behind the usual time. The fact that the train was later than usual might have some bearing upon the question of contributory negligence on Foy's part, but in no manner affects the question of negligence on the part of the company.

It is contended that some one ought to have been stationed at the crossing to give notice of danger, but the law does not impose the obligation upon a railroad company to station persons at every crossing of a public road

to warn travellers of approaching trains, and there is nothing in the evidence to show that at this particular place such a precaution was necessary or reasonable. In the case of *Stubley vs. The London and North-Western Railway Co.*, *Law Rep.*, 1 *Exch.*, 13, where a similar question arose, BRAMWELL, B., said "Need there be any one to warn persons of a train, which they can see so far off, that if they only take the trouble to look out for it, it cannot overtake them in crossing." * * * * "If such a precaution is necessary here, it must also be used elsewhere; and the argument would show that on every road, every canal, every railway in the kingdom, means must be taken to warn people against the consequences of their own folly."

And in the same case, CHAUNELL, B., said, in reply to the same argument: "But passengers crossing the rails are bound to exercise ordinary and reasonable care for their own safety, and to look this way and that to see if danger is to be apprehended."

We refer also to *Skelton vs. L. and N. W. Railway Co.*, *L. Rep.*, 2 *C. P.*, 631.

In these cases, and also in *Cliff vs. Midland Railway Co.*, *Law Rep.*, 5 *Q. B.*, 258, the case of *Bilbee vs. London and Brighton R. R. Co.*, so much relied on by the appellant, is commented on and explained as resting upon its special circumstances, none of which belong to the present case.

The undisputed facts of this case as shown by the testimony, seem to us to furnish strong ground for the conclusion that the death of the deceased was caused directly by his own negligence, or want of ordinary and reasonable care. But without going into that question, we base our decision upon the total failure of evidence to establish negligence on the part of the defendant or its agents. The *onus* being on the plaintiff to prove this as the ground of the action, and having failed to offer any evidence tending to prove this, it was not error to grant the defendant's first prayer.

State, use of Foy, *et al.* *vs.* Phila., Wil. & Balto. R. R. Co.

The fact of negligence is for the jury to decide where there is evidence legally sufficient to prove it, but in the absence of such evidence, it is the duty of the Court to withhold the case from the jury.

In the language of WILLIAMS, J., in *Toomey vs. The L. Br. and S. C. Railway Co.*, 3 *C. B.*, *N. S.*, 146, (91 *Eng. C. L. R* ,) quoted with approval by ERLE, C. J., in *Cotton vs. Wood*, 8 *J. Scott*, *N. S.*, 98 *Eng C. L.*, 572. " A *scintilla* of evidence, or a mere surmise that there may have been negligence on the part of the defendant, clearly would not justify the Judge in leaving the case to the jury ; there must be evidence upon which they might reasonably and properly conclude that there was negligence." See also *Cornman vs. E. C. Railway, Co.*, 4 *Hurl. & Nor.*, 781.

Being of opinion that the defendant's first prayer was properly granted, the judgment will be affirmed.

*Judgment affirmed.*

(Decided June 15th, 1877.)