# JOHN K. COWEN AND OSCAR G. MURRAY, RECEIVERS OF THE BALTIMORE AND OHIO RAILROAD COM- PANY *vs.* CHRISTIAN A. DIETRICK.

*Collision at Railway Crossing—Contributory Negligence—Watchman.*

Plaintiff's employee, driving a wagon in the day time, approached a vil- lage railway crossing at grade. There was no watchman there, but when one came within fifty feet of the crossing there was an uninter- rupted view of the tracks in the direction of the approaching train for nearly two thousand feet. The engine which struck the wagon, and killed the horse and driver, blew a whistle when more than two thou- sand feet distant, and when the engineer saw the wagon approaching he sounded a danger signal when it was thirty feet from the track. In an action to recover for the loss of the horse and wagon, plaintiff's wit- nesses testified that the deceased driver stopped when ten feet from the track and, after looking up and down, proceeded to cross, and that as soon as he got upon the track the collision occurred. *Held*, that the case should not be submitted to the jury because there is no evidence of any negligence on the part of the railway company, and there is ev- idence that the injury was caused by the failure of the driver of the wagon to exercise ordinary care, since if he had really looked he must needs have seen the train in time to avoid injury.

The failure of a railway company to station a watchman at a railway crossing in the country to warn travelers of the approach of trains is not *per se* evidence of negligence.

Appeal from the Superior Court of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*W. Irvine Cross* and *Duncan K. Brent*, for the appellant.

*B. B. Shreeves*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This action was brought in the Superior Court of Baltimore City to recover damages alleged to have been sustained by the plaintiff, for the loss of a horse and wagon, caused in a collision with a passenger train of the Baltimore and Ohio

Railroad Company at a grade crossing near Lansdowne Station, in Baltimore County.

At the trial of the case the Court granted all of the plaintiff's prayers and the third, fourth and fifth of the defendant, and refused the defendant's first and second prayers.

The rejected prayers were to the effect that there was no legally sufficient evidence in the case that the accident was directly caused by the negligence of the defendant, and that the negligence of the driver of the wagon directly contributed to the accident. The sole question presented for our consideration arises upon the ruling of the Court on these prayers, and relate to the negligence of the appellant company and the contributory negligence of the appellee's agent, the driver of the wagon.

It appears from the evidence that on the 29th of January, 1898, the boy was driving a horse and a closed wagon along the public road which crossed the railroad tracks, a short distance north of Lansdowne Station. At this point the railroad tracks run about north and south and the public road where the accident occurred runs east and west, but some distance before it reaches the crossing it runs parallel with the tracks.

The train which caused the accident was coming from the south and running north towards Baltimore on the east-bound passenger track. It was what is known as the Royal Blue, limited, did not stop at the station south of the crossing, and was running at the rate of fifty miles an hour.

It is shown by a plat filed in the case that the view at a point 185 feet from the railway track, on the public road where the appellee's wagon was travelling, to the south is 2,200 feet to the mouth of a deep cut. The view of this cut from whence the train came, along the road to the crossing, is obstructed by the station, for a short distance. At a distance of 52 feet, however, from the railroad track there is a view to the south of 1,940 feet. This view increased as you approached the crossing, until at the railroad, it is 2,200 feet to the cut.

There is a sign post at the crossing, on which is written,

"Stop, look and listen," and at the south of the station there is a signal arm. On the outside of the cut there is a whistle post, which is 2,200 feet from the crossing.

On the morning of the accident, the driver of the wagon was proceeding along the public road, delivering baker's bread, as had been his custom for nearly a .year. According to the testimony of two of the witnesses, he stopped about ten feet from the railroad track, looked up and down the track and then proceeded to cross. As soon as he got upon the track, the wagon was struck by the train. He and the horse were killed and the wagon was completely destroyed.

It is obvious, we think, from the testimony disclosed by the record, that this case falls within the well-settled principles announced by this Court in *Baltimore Traction Co.* v. *Helms,* 84 Md. 525, where it is said: "The right to recover depends upon two distinct propositions of fact: First, the negligence of the defendant, and second, the exercise of due and ordinary care by the plaintiff, and if the plaintiff fails to prove negligence on the part of the defendant, or if it appear from the evidence that he was guilty of negligence contributing to the injury, he cannot recover."

In this case there is no proof to show any negligence on the part of the railroad company or its agents. The proper and usual signals were given when the train left the cut, and as it approached the station, the danger signal was sounded from the time the engineer saw the wagon about 30 feet from the track until it was struck.

The decisive and controlling fact in the case is, that the deceased failed to observe the approach of the train, and this was due to the want of ordinary and reasonable care on his part.

It appears from the proof, that at a point of about 44 feet from the railroad, he had an unobstructed view down the track of nineteen hundred and forty feet and at the railroad the view was about twenty-two hundred feet to the cut. If he had looked, there was nothing to have stopped him from seeing the approach of the train in time to have avoided the accident.

In *N. C. Ry.* v. *McMahon,* 97 Md. 486, it was held, in

adopting the rule laid down in *Helms case*, 84 Md. 515, that where circumstances are such that one with normal sight and hearing could see and hear, then his duty requires him to use his senses to guard against injury by the negligence of others.

In *Cowen* v. *Watson*, 91 Md. 344, it is said, it will not do for the plaintiff to say that he looked and did not see or listened and did not hear the train when the facts of the case show that if he had looked or listened with the requisite care and caution he must have seen or heard it.

But it is contended on the part of the appellee that the crossing is a dangerous one, and that the failure of the railroad company to place a watchman at the crossing constituted negligence. And the case of *B. & O. R. R. Co.* v. *Owings*, 65 Md. 502, was urged in argument, and relied upon to sustain this contention. It will be seen, however, that this Court in the recent case of *N. C. Ry. Co.* v. *Medairy*, 86 Md. 175, fully considered the contention here made, and JUDGE FOWLER in delivering the opinion of the Court, said, it could not have been and was not intended (by Owings case) without even referring to it to reverse the previous well considered decision of this Court in the case of *Foy* v. *Railroad*, 47 Md. 85, in which it was said, that the law does not impose the obligation upon a railroad company to station persons at every crossing of a public road to warn travellers of approaching trains; and the following language of BRAMWELL, B., and the case of *Stubley* v. *The London and North Western Railway Co.*, Law Reps., 1 Exch. 13, was quoted as follows: "Need there be any one to warn persons of a train which they can see so far off, that if they only take trouble to look out for it, it cannot overtake them in crossing?" And it was further said, that the duty of railroad companies in this State, in respect to the protection to be given the public at public crossings is regulated by statute. Art. 23, sec. 196, Code Public General Laws.

It therefore follows, for the reasons we have given that the Court committed an error in refusing the defendant's first and second prayers, so the judgment will be reversed, and

as there can be no recovery a new trial will not be awarded.

> *Jndgment reversed, without awarding a new trial, with costs.*