EDWARD S. EVANS

*vs.*

## THE BALTIMORE, CHESAPEAKE AND ATLANTIC RAILWAY COMPANY.

*Negligence : railroad crossings ; duty of railroads and travellers; watchman not always obligatory; "stop, look and listen."*

The law does not impose upon a railroad company the duty of stationing persons at every crossing of a public road to warn travellers of approaching trains.                    p. 34

In a negligence case, where one who can see and hear says he looked and listened, but did not see or hear an object which, if he had really looked and listened, he must have seen or heard, his testimony is unworthy of belief.                    p. 35

*Decided May 1st, 1918.*

Appeal from the Circuit Court for Queen Anne's County. (HOPPER and ADKINS, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*T. Alan Goldsborough* (with whom were *J. H. C. Legg* and *Thomas J. Keating* on the brief), for the appellant.

*Henry R. Lewis* (with *J. Frank Harper* and *Lewis & Knotts* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The record in this case presents for the consideration of the Court a suit for personal injuries received by the plaintiff, Edward S. Evans, as the result of a collision between a Ford machine which he was driving, and a train of the Baltimore, Chesapeake and Atlantic Railway. At the conclusion of the plaintiff's evidence the defendant offered a prayer to withdraw the case from the consideration of the jury, upon the theory that no negligence of the defendant had been shown, sufficient to entitle the appellant to recover.

This prayer was rejected by the Court, and in lieu of it, at the suggestion of the Court, a prayer was framed, offered and granted directing a verdict for the defendant, upon the ground of the contributory negligence of the plaintiff. This action of the Court constitutes the sole bill of exceptions upon which this appeal was taken.

At the trial below there was a diagram upon the blackboard for the purpose of showing the relative positions of various objects testified to by the witnesses. As they gave their testimony it is frequently punctuated with the word "indicating," and as that drawing does not appear in the record, it is a little difficult to place precisely some points testified to by the witnesses. Enough does appear to remove all difficulty in determining the rules of law applicable to the case, rules which have been frequently announced by this Court in a series of decisions.

On the 26th June, 1916, the plaintiff and Mr. Calvin Richardson, who had been riding through the county that day, were returning to their home at Pittsville, by a road which crossed the track of the B., C. & A. Ry. Co. at or nearly at right angles. As the road approached the railroad

there was a slight rise in the grade, and the road was sandy, the Ford machine which the plaintiff was driving was running on low gear, at a rate variously estimated from 4 to 7 miles per hour. It was still light, so that there was no serious difficulty in observing conditions, and the plaintiff asked Mr. Richardson to look in one direction for approaching trains, it being his idea apparently to look in the other. There was some conversation to the effect, that there was no train due there at or about that time. Unfortunately a train, known as the Ocean City Special, had been put in service a couple of days before, and was approaching this crossing at a high speed, at the same time that the auto containing the plaintiff and Mr. Richardson approached it upon the highway.

Mr. Richardson, who had been looking to the eastward, turned and looking to the west discovered the approaching train, only a short distance away, and in some manner, just how he is unable to tell, managed to get out of the machine, while Mr. Evans who was at the steering wheel remained, and the machine was struck about the front by the locomotive, practically demolishing the auto, throwing Mr. Evans out, and severely injuring him.

The evidence as to the surroundings of the crossing and the visibility of approaching trains is that of the plaintiff, and his witnesses, and is uncontradicted. From this it would seem that the nearest house to the railroad at this crossing was distant one hundred feet, that after passing this house there was 20 feet of entirely clear and unobstructed vision, and that for the remaining distance there was a garden containing some small shade trees, rose bushes and a patch of butter beans, the height of none of which is given by any witness. These apparently interfered but little, if any, with the opportunity for seeing objects approaching upon the railroad tracks. The witness Richardson testified that he lived almost opposite the butter bean patch, but he was apparently unaware of the existence of the patch at the time of the accident, for he says: "Like any other garden in town, I never

had been interested in that particular garden, but after we were down there looking at that range of vision, I wondered why we didn't see the train"; and the witness Evans testified in answer to the question, "When did you first know there was a butter bean patch there? A. I did not know till Mr. Parsons called my attention to it after I was able to go around." In view of this testimony it is impossible to see how there was any serious physical obstruction between the plaintiff and Richardson and the approaching train.

The plaintiff apparently relies strongly for the negligence of the defendant upon the fact that at the time of the accident there was no flagman, and no warning sign to apprise the plaintiff of possible approaching danger; but "the law does not impose the obligation upon a railroad company to station persons at every crossing of a public road to warn travellers of approaching trains." *Foy* v. *R. R. Co.,* 47 Md. 85; *Cowen* v. *Dietrick,* 101 Md. 46. And in this case both the plaintiff and Richardson had lived in Pittsville several years, were thoroughly familiar with this crossing, and its immediate surroundings. Both the plaintiff and Richardson testified that they heard no sound of the approaching train; that no whistle was blown or bell rung, and that, though they looked, they saw nothing of the approaching train in time to have stopped the machine.

The case, therefore, falls directly within the principle announced in *Helm's Case,* 84 Md. 515, where the Court said: "By the well settled rule applicable to the class of cases to which this belongs it is not enough for the plaintiff to prove the negligence of the defendant and the injury which followed, but he is bound also to establish by satisfactory proof, before he can recover, that he was himself free from negligence and exercised ordinary care to avoid the consequences of the defendant's negligence. * * * The right to recover depends upon two distinct propositions of fact: First, the negligence of the defendant; and, secondly, the exercise of due and ordinary care by the plaintiff; and if he fails to prove negligence on the part of the defendant, or if it appears

from his own evidence that he was guilty of negligence directly contributing to the injury, he can not recover."

And in the *Md. Elec. Ry.* v. *Beasley,* 117 Md. 270, JUDGE PEARCE said: "It has been repeatedly held in this State that when one who can see and hear says he looked and listened, but did not see or hear an object which, if he had really looked and listened, he must have seen or heard, such testimony is unworthy of consideration—*B. & O. R. Co.* v. *Roming,* 96 Md. 80; *Phillips* v. *W. & R. Ry. Co.,* 104 Md. 458; and this is now declared in 1 *Elliot on Evidence,* sec. 127, to be the general rule." See also *N. C. Ry. Co.* v. *Medairy,* 86 Md. 168; *N. C. Ry. Co.* v. *McMahon,* 97 Md. 487; *Sullivan* v. *Smith,* 123 Md. 546; and the entire subject has been so thoroughly considered in the two recent cases of *Glick* v. *C. & W. Elec. Ry. Co.,* 124 Md. 308, and *Cullen* v. *N. Y., P. & N. R. R. Co.,* 127 Md. 651, that it does not seem necessary to further prolong this opinion, either by a restatement of familiar rules, or more elaborate citation of authorities.

*Judgment affirmed, with costs.*