# THE BALTIMORE AND OHIO RAILROAD COMPANY

*vs.*

## WILLIAM L. NEWTON.

*Accident at Railroad Crossing—Negligence of Automobile Driver.*

The testimony of the driver of an automobile that he stopped, looked and listened at a point twenty-five to thirty feet from the crossing, from which point there was an unobstructed view of the track; that he neither saw nor heard anything to indicate the proximity of danger, and that he first saw the train when he was on the track and it was only a few feet away, *held* not to be credible in view of uncontradicted testimony that the train was a heavy one, consisting of a locomotive and eight cars, with an acetylene headlight brightly burning, moving about twenty-five miles an hour.                                     p. 23

In an action for injuries received by one while attempting to drive his automobile across defendant's track at a crossing, *held* that a verdict should have been directed on the ground of contributory negligence on the part of plaintiff and a lack of legal evidence to support a recovery by plaintiff.          p. 24

*Decided June 18th, 1920.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON and PETER, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*F. Neal Parke,* with whom were *James A. C. Bond* and *John S. Newman* on the brief, for the appellant.

*Milton G. Urner, Jr.,* and *Edwin H. Garrett,* with whom were *Richard H. Tebbs* and *Urner & Urner* on the brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the court.

The facts out of which this case arises are relatively simple, and were detailed with exceptional particularity in the case of *The Baltimore & Ohio Railroad* v. *State, use of McCabe,* 133 Md. 219, to which reference is hereby made, rather than to repeat them at length.

It has been assumed by the appellee in this case that it was necessarily controlled by the action of the Court in the *McCabe case.* Such, however, is far from being the fact.

McCabe, the plaintiff in that case, and Newton, the plaintiff in this case, were riding in an automobile crossing the tracks of the Baltimore & Ohio Railroad at the Point of Rocks, in Frederick County, a few minutes after one in the morning, when the machine was struck by a westbound train of the Baltimore & Ohio Railroad. McCabe was killed, Newton was seriously and probably permanently injured, and the machine demolished.

The automobile in which they were riding was being run by Newton, and McCabe occupied the relation of a passenger, and the previous case decided, and only decided, that the negligence of the driver could not be imputed to a passenger, unless it is shown that the passenger contributed to the accident by his own negligence, and whether there was or was not such negligence was a question of fact to be submitted to the jury, and not a question of law for the Court.

In the present case Newton was the driver of the auto, and, therefore, the rule laid down in the *McCabe case* does not extend to the present case. Ordinarily, where the defense set up is that of contributory negligence, there is a conflict between the evidence adduced on the part of the plaintiff, and that offered on behalf of the defendant. Here the sole direct evidence upon the acts of the plaintiff immediately preceding the accident is that given by himself. He states that he stopped, looked and listened at a point from twenty-five to thirty feet before reaching the crossing, at which there was nothing to obstruct his view, and from which

the railroad was in plain sight eastward as far as Washington Junction; that he neither saw nor heard anything to indicate the proximity of danger, and then started his machine, and did not come to a stop again before the impact of the collision; that he first saw the train when he was on the track, and it was then only a few feet away.

There is testimony upon the part of several witnesses, and it is entirely uncontradicted by the plaintiff, that the train was a heavy train consisting of a locomotive and eight cars, with an acetylene headlight brightly burning, rushing westward at a speed of about twenty-five miles per hour. It is further testified and admitted that the warning bell was not rung, but it is also testified that the crossing whistle was blown at the whistling post designated for the whistle signal for this particular crossing.

All that the plaintiff says is, that he heard no whistle and no sign to indicate the close proximity of the train; but the strain on the credulity is very great to conceive that a train, even though no whistle was sounded or bell was rung, of such weight and operated at such a speed, could approach so silently as not to be heard by any one who was in reality listening, or that a glowing acetylene headlight could not be seen by one who looked.

In *Maryland Electric Ry.* v. *Beasley,* 117 Md. 270, JUDGE PEARCE, speaking for this Court, said: "It has been repeatedly held in this State that when one who can see, says he looked and listened, but did not hear an object which if he had really looked and listened he must have seen or heard, such testimony is unworthy of consideration," And he cites in support of that statement the cases of *B. & O. R. Co.* v. *Roming,* 96 Md. 80; *Phillips* v. *W. & R. Ry. Co.,* 104 Md. 458; 1 *Elliot on Evidence,* Sec. 127; *N. C. Ry. Co.* v. *Medairy,* 86 Md. 168; see also *N. C. Ry. Co.* v. *McMahon,* 97 Md. 486; *Sullivan* v. *Smith,* 123 Md. 546; *Evans* v. *B. C. & A. Ry. Co.,* 133 Md. 31.

Certain duties are imposed by law upon persons who cross a railroad track, and these are fully discussed, and the rule by which to measure contributory negligence laid down, in *Glick* v. *C. & W. Elec. Ry. Co.,* 124 Md. 308 and *Cullen* v. *N. Y., P. & N. R. Co.,* 127 Md., 651.

At the conclusion of the evidence the plaintiff offered eight prayers and the defendant three. The ruling of the trial court upon these prayers forms the only bill of exceptions which was taken.

The three prayers of the defendant were all rejected. The first of these asked for a directed verdict in favor of the railroad company, upon the ground that there was no legally sufficient evidence of any negligence on its part or that of its agent; the second prayer also asked for an instructed verdict for the defendant upon the ground of contributory negligence on the part of the plaintiff, and the third prayer asked for a similar verdict on the ground that, under the pleadings and evidence in the case, there was no legally sufficient evidence to entitle the plaintiff to recover.

Under the facts in this case it was manifest error to have rejected the defendant's second and third prayers, and as the granting of either one or both of them would have removed the case from the consideration of the jury, it is unnecessary on this- appeal to pass upon the ruling of the court on the prayers offered on behalf of the plaintiff.

The judment appealed from will, therefore, be reversed.

*Judgment reversed, the appellee to pay the costs*