## FELIX LOZZI *v.* PENNSYLVANIA RAILROAD COMPANY.

*Contributory Negligence—Review of Evidence—Accident at Railroad Crossing.*

Whether a verdict against plaintiff should have been directed on the ground of contributory negligence must be considered in the light of all the inferences favorable to plaintiff's case which may be fairly deduced from the evidence, and with due regard to the presumption that he exercised ordinary care.     p. 510

Unless plaintiff's conduct was so manifestly negligent, under the circumstances, that rational minds would not differ as to its imprudence, the issue of contributory negligence should be left to the jury.                                        p. 510

In an action against a railroad company by one whose automobile was struck by an engine in the night time at a street crossing, it was error to direct a verdict for defendant on the ground of contributory negligence, plaintiff having testified that, before crossing, he looked in both directions along the track from a point where he would have an unobstructed view of approaching trains, but saw no headlight nor engine, and that, though he listened, he heard no bell.                pp. 510, 511

*Decided March 3rd, 1927.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Action by Felix Lozzi against the Pennsylvania Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Richard H. Sweeney,* for the appellant.

*William P. Lane, Jr.,* for the appellee.

URNER, J., delivered the opinion of the Court.

At the conclusion of the evidence produced by the plaintiff, in the trial of this suit for injuries which he sustained when his automobile was struck by a locomotive of the defendant at a street crossing, a verdict was directed for the defendant on the theory that the plaintiff had been guilty of negligence contributing to the accident. According to the plaintiff's testimony, he was driving his car at a moderate speed as he approached the railway tracks of the defendant on Washington Street in Hagerstown, about four o'clock on Christmas morning, 1925, and before proceeding over the tracks, which crossed the street at right angles, and when he was sufficiently near them to have an unobstructed view along the railway to his right and left, being then about twenty-five feet from the tracks, he looked in both directions, and continued to look and listen as he proceeded, but neither saw nor heard the engine which injured him until it was only a few feet distant, and the front of his car had just reached the nearest rail. At that moment he heard a shout from some one on the engine, and tried to avoid a collision by turning his car to the right, but this effort was unsuccessful. The plaintiff testified that his sight and hearing were good, and that he was perfectly sober at the time of the accident, but that he did not see any headlight on the locomotive or hear any signal of its approach. After the collision he heard the engine bell ringing. There was no watchman at the crossing, although a provision of the charter of Hagerstown requires the defendant to keep one there at all times. It is also provided by the municipal charter that the bells of locomotives shall be rung while they are passing through the city. Shortly before reaching the defendant's tracks, the plaintiff had driven over another railway crossing on the same street, where the light of a watchman's lantern had given him warning of the approach of a train, for the passage of which he waited. It was proved that the defendant never kept a watchman at the Washington Street crossing between midnight and six o'clock A. M., but the plaintiff does not appear to have been

aware of that fact. On the contrary, he testified that he expected to see a watchman there if a train was approaching and, not seeing one at the crossing, he thought the way was safe. The evidence refers to a street light about fifteen feet distant from the crossing, but does not indicate the extent of the illumination from that source. In its essential details, the plaintiff's description of the accident was confirmed by another occupant of his automobile, who also testified that he did not see any headlight on the engine, though he looked in the direction from which it came, and did not hear its bell ringing until the instant of the collision.

The legal sufficiency of the proof of primary negligence is not questioned. The only inquiry is whether a verdict against the plaintiff should have been directed on the ground of contributory negligence. That question must be considered in the light of all the inferences favorable to the plaintiff's case which may be fairly deduced from the evidence, and with due regard to the presumption that he exercised ordinary care. *Burke v. Baltimore,* 127 Md. 561; *Balto. & O. R. Co. v. Stumpf,* 97 Md. 91; *Hopper, McGaw & Co. v. Kelly,* 145 Md. 170. Unless the plaintiff's conduct was so manifestly negligent, under the circumstances, that rational minds would not differ as to its imprudence, the issue should have been left to the jury for decision. *Chesapeake & Potomac Tel. Co. v. Merriken,* 147 Md. 577; *Merrifield v. Hoffberger,* 147 Md. 137; *Taxicab Co. v. Emanuel,* 125 Md. 259; *Askin v. Moulton,* 149 Md. 140. In view of the acts and conditions to which the evidence refers, we are unable to agree with the trial court that negligence on the part of the plaintiff is conclusively proved. It appears from his testimony that, while the absence of a watchman led him to believe the way to be safe, he did not rely upon that implied assurance, but looked in both directions along the railway when he had reached a point near the tracks where he would have an unobstructed view of approaching trains. If he had been driving towards the place of the accident in the day time, it might have been impossible for him to look to his

left along the line of the railroad without observing the loco-
motive, which had come into dangerous proximity to the cross-
ing from that direction.    But from the testimony of the
plaintiff that he did not see, when driving in the night time,
an engine coming from a direction in which he looked, it
may be inferred that the darkness of the night made the en-
gine invisible to a traveler on the street until it reached the
crossing.    There is no evidence tending to prove that the
headlight of the locomotive was burning, and the opposite
inference may be drawn from the testimony of the plaintiff
that he did not see a headlight though he looked for, and dis-
covered too late, the engine on which such a light, if dis-
played, could readily have been observed.    A similar infer-
ence is permissible as to the silence of the bell, and the ab-
sence of other warning sounds, for which the plaintiff says
he listened in vain until the accident was inevitable.    *Balto.
& O. R. Co. v. Griffin,* 141 Md. 520; *Hempel v. Hall,* 136
Md. 174; *United Rys. & Elec. Co. v. Crain,* 123 Md. 332.
This case is quite different from those in which contributory
negligence has been conclusively imputed to the plaintiff be-
cause, if he looked, he must have seen the approach of the
train or car which caused his injury.    Among the cases of
that class are: *Annapolis, W. & B. R. Co. v. State, use of
Hickox,* 104 Md. 659; *Balto. & O. R. Co. v. Roming,* 96
Md. 67; *Phillips v. Washington & R. Co.,* 104 Md. 455;
*Maryland Elec. Ry. Co. v. Beasley,* 117 Md. 270; *Evans v.
Balto., C. & A. Ry. Co.,* 133 Md. 31; *Balto. & O. R. Co.
v. Newton,* 137 Md. 21.    The assertion of the plaintiff in this
case that he did not see or hear the engine which injured
him, though he looked along the course over which it was
then actually moving, and listened for sounds or signals of
its approach, is consistent with inferences which may be
rationally drawn from the proof.    In *Washington & R. Ry.
Co. v. Sullivan,* 136 Md. 202, and *Heinz v. Balto. & O. R.
Co.,* 113 Md. 582, where the crossing accidents happened at
night, and the plaintiff testified that he looked for approach-
ing trains but failed to observe the unlighted car or engine

by which he was injured, it was held that the question of contributory negligence could not properly be withdrawn from the jury. As that is the conclusion which we have reached upon the evidence in the present record, the case will be remanded for a new trial.

> *Judgment reversed, with costs, and a new trial awarded.*