# LEON D. LOWENTHAL

### vs.

# BACKUS MOTOR COMPANY.

*Negligence—Defective Repair of Automobile—Evidence.*

In an action based on allegations that defendant, in installing a wheel on plaintiff's automobile, did it so negligently that it came off, as a result of the breaking of bolts by which it was attached to the axle, *held* that the evidence did not show such an improper adjustment of the bolts as to cause them to wear and shear off.                                   pp. 35-37

The mere opinion of a single witness, an automobile mechanic, based on the worn appearance of the bolts, that they were improperly adjusted, and that this improper adjustment caused the accident, was not legally sufficient to support a verdict for plaintiff.                                   pp. 36-37

*Decided January 11th, 1922.*

Appeal from the Court of Common Pleas of Baltimore City (BOND, J.).

Action by Leon D. Lowenthal against the Backus Motor Company. From a judgment for defendant, plaintiff appeals. Affirmed.

. The cause was argued before BOYD, C. J., BRISCOE, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Howard Bryant* and *Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellant.

*Garner W. Denmead,* with whom was *S. W. Gambrill* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The declaration in this case alleges that the plaintiff and his brother, being the owners of a Ford sedan automobile, contracted with the defendant to have a new left rear wheel

placed on the car, and that by reason of negligence in the performance of the work agreed upon the new wheel was not safely and securely installed, nor was the material used of a safe and proper kind, and that while the plaintiff was thereafter riding in the car, which was being carefully operated, on Fayette Street in the City of Baltimore, the wheel installed by the defendant came off the axle, and in consequence thereof the automobile was overturned and damaged, and the plaintiff was painfully and permanently injured. In the opinion of the court below the evidence offered at the trial of the case was not legally sufficient to sustain the theory of liability asserted in the declaration, and an instruction to the jury was accordingly granted to that effect. From the judgment entered on the verdict for the defendant thus directed, the plaintiff has appealed.

The accident happened while the car was being driven at a moderate rate of speed on a down grade, and was being turned to the left to avoid collision with a group of passengers who were alighting from a street car. This movement was made necessary by the fact that the brakes of the automobile, with which its progress was sought to be arrested, were found not to be in working order. As the automobile suddenly swerved from its direct course in the manner described, the left rear wheel came off the axle and the car fell on its side. The resulting injuries to the plaintiff consisted of the severing of one of his fingers, the fracture of another, and a bruise on his body; and the upper part of the car was damaged. The wheel which had come off was found to be in good condition. It parted from the axle because the bolts which held it in position had broken. There are six of these bolts, and they fasten the spoke system of the wheel to the flanges of the metal hub. One of these flanges is attached to the hub, and is on the inner side of the wheel when it is in position. The other rests against the outer face of the wooden base from which the spokes radiate. The bolts pass through both flanges, and the spoke base between them and

the wheel is thus firmly held in place on the hub, which is locked on the axle, and all revolve together when the car is in motion. The nuts on the bolts passing through the spoke base and the flanges project into the brake drum. Upon investigation after the accident it was discovered that some of the nuts had been sheared off, with the ends of the bolts to which they were attached, and others had come off in fragments. The broken ends of the bolts and the nuts had dropped into the brake drum, while the other parts of the bolts remained in the wheel. It was about six weeks after the wheel was installed by the defendant that the accident occurred. In that period the car had been used daily and had been driven about six hundred miles.

An automobile mechanic, testifying as an expert for the plaintiff, stated that he had examined the car and the broken bolts, and that, in his opinion, the wheel came off because it "was not turned up tight against the flange" on the hub, and as a result there must have been a "loose playing" between the spoke system and the inner flange which caused the bolts to wear and then to shear off when subjected to such a strain as that occurring at the time of the accident. The witness said that the bolts showed the effects of a wearing against the inner flange, and that he did not consider the flattened condition of the threads near the nuts to be due entirely to the strain under which the bolts were broken. He admitted that they were standard bolts manufactured by the Ford Motor Company, and that such bolts made a close, or "driving" fit, and extended only far enough beyond the flange to accommodate the nuts, and to present a slight projection for rivetting. When asked whether the nuts on these bolts appeared to have been screwed up and then hammered, the witness said: "I cannot say how tight they have been screwed up, but they appear to have been hammered on the outside." It is apparent from an inspection of the nuts, produced at the trial and exhibited in this Court by agreement, that the bolt ends which they still contain had been securely rivetted

after the nuts were screwed into place. The "wear" on the bolts, to which the witness refers, is nowhere deeper than the threads. It has the appearance of having been caused by a sudden strain rather than by a gradual wearing, as the worn condition is not uniform around the bolts and they are bent at the very places where that condition is noticeable. There is no suggestion by any of the witnesses that the material of the bolts was defective.

Apart from the opinion expressed by the witness to whom reference has been made, no testimony was offered in support of the theory that the bolts were not properly adjusted. The opinion involves a double conclusion: first, that the bolts were not drawn up sufficiently against the flanges, and, secondly, that the accident was caused by such an imperfect adjustment. If the bolts which the plaintiff produced, and on the sheared off ends of which the nuts were still firmly fastened, had been measured and found to be unduly long for the space they occupied in the wheel and flanges, the question as to the tendency of such a condition to produce the result with which we are here concerned might in itself have been a complete subject for expert opinion. But no effort was made to prove by actual measurement that the bolts were too long, and the plaintiff's whole reliance was upon opinion evidence to that effect, based upon the worn and strained appearance of the bolts. Upon that inference was founded the further opinion that the supposed condition was the cause of the accident. Even as regards the adjustment of the bolts it is to be noted that the opinion is accompanied by admissions of facts which point to a different conclusion. It was admitted, as already stated, that the bolts were of standard Ford manufacture for the purpose to which they were applied, and that such bolts have only sufficient length for the space they are to occupy when the nuts are screwed on and rivetted, as were those used in this instance. The physical facts thus conceded are inconsistent with the inference that the bolts were too long or were not properly

adjusted. The opinion relied on, therefore, is contradicted by the actual conditions to which it refers. It is a wholly insufficient support for the charge of negligence which is the basis of the suit.

In the discussion of opinion evidence in 22 *C. J.* 492, it is said that a conclusion should be rejected "where it is apparent that it cannot reasonably be reached on the facts which are claimed to support it," or "where such facts are themselves the result of inference." While the testimony offered by the defendant to prove that the bolts were carefully tightened when the wheel was installed cannot be allowed to affect the question as to the legal sufficiency of the plaintiff's evidence, yet it would not be just to subject the defendant to the imputation of negligence upon the essentially inadequate opinion evidence upon which the plaintiff relies. This Court has said: "In matters of proof we are not justified in inferring from mere possibilities the existence of facts; there must be proof of the essential facts to fix liability upon a party charged with the commission of a wrongful act." *Balto. & O. R. R. Co.* v. *State, use of Savington,* 71 Md. 599. In this case the evidence not only fails to prove the defective workmanship alleged, but the testimony of the plaintiff's witness as to the standard dimensions of the bolts actually used, and as to the proper rivetting of the ends after the nuts had been drawn into position, tends to show that the wheel was in fact installed and secured with due care and skill. It might be conjectured that the bolts were sheared off by the unusual strain to which the wheel was probably subjected when the car was suddenly turned to the left on a down grade to avoid a collision after the brakes had failed to respond. But we are not at liberty to indulge in speculation either for or against the right of recovery. There is a failure of legally sufficient proof as to the facts upon which that right depends in this case, and for that reason we approve of the ruling with which the only exception in the record is concerned.

*Judgment affirmed, with costs.*