## ALBERT F. GOETZE, INC., v. AGGIE E. JOHNSON.

[No. 83, October Term, 1932.]

*Decided February 3rd, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter L. Clark* and *Roszel C. Thomsen,* for the appellant.

*John E. Magers,* with whom was *William C. Rogers* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

On the afternoon of July 7th, 1931, Mrs. Aggie E. Johnson was sitting on the front porch of her home, located on the

south side of Frederick Avenue, in Baltimore, when the wheel of a passing automobile truck became detached, ran from the driveway across the sidewalk over her front yard and on to the porch, struck and seriously injured her. She did not see anything of the accident, and knew nothing until she regained consciousness at a hospital. The truck belonged to Albert F. Goetze, Incorporated, the appellant, which appeals from a judgment against it.

The questions submitted for decision are stated in three rejected prayers (A, B, and C) of the appellant for an instructed verdict: The first, on the ground that there was no legally sufficient evidence of defendant's (appellant's) negligence; the second, "that the uncontradicted evidence in this case that the breaking of the spindle on the right front wheel of the truck, which caused the accident sued for, was due to a latent defect which could not have been discovered or anticipated by the exercise of that degree of care which prudent persons ordinarily exercise under similar circumstances"; and, third, "that it appears from the evidence offered on behalf of the plaintiff that her injury may have been the result of any one of two or more causes for one or more of which the defendant would not be liable."

The appellee contends that the mere detachment of the wheel, with resultant injury, raises a presumption of liability of the defendant. The appellant assumes that, if it shows a break, due to a defect in the structure or mechanism of the truck as the cause, which could not, in the exercise of due care and caution, have been foreseen, then being without fault there can be no liability. *Bohlen, Studies in Law of Torts,* 361 and 362.

In the opinion of this court, there was offered by the appellee at the trial sufficient evidence of primary negligence for submission of the question of fact to the jury, so that there is no necessity here to pass upon the question of the presumption of negligence urged by the appellee at the argument and in her brief on appeal. There was no prayer granted at the instance of the appellee (plaintiff) by which the jury was

instructed to find for her on the theory of the presumption of negligence.

The conclusion of this court that there is legally sufficient evidence of the defendant's negligence is of itself the best answer to its request for an instructed verdict on its A and B prayers, and, inasmuch as we do not find any evidence of an intervening, independent, and efficient cause contributing to the accident, for which the appellant would not be responsible (*State, use of Boznango, v. Blumenthal-Kahn Electric Co.,* 162 Md. 84, 159 A. 106), the C prayer has no application to the facts.

The apparent cause of the appellee's injuries was the blow inflicted by the detached wheel of the appellant's truck. The wheel did not come off itself; there was something in the structure of the wheel, spindle, or axle, in the assembling of the parts of the car, or in its condition, use, and operation. If, as the appellant contends, it could only have been caused by latently defective material, or defects in its manufacture, not discoverable in the exercise of ordinary care and caution, the only inference to be drawn from the appellant's contention is that the appellee should have sued the manufacturer of the spindle furnished appellant, which also made the truck in the first place (*Olds Motor Works v. Shaffer,* 145 Ky. 616, 140 S. W. 1047, Ann. Cas. 1913B, 689 and note; *MacPherson v. Buick Motor Co.,* 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C, 440), and, assuming that she could or would sue the manufacturer, she would have to affirmatively show the defect in material or construction, and that the factory could or should have known it.

The evidence shows that the truck had been in use about four years and had run about forty thousand miles, and was one of twenty-one trucks used in the appellant's business. The appellant had a repair shop in which it took care of repairs and upkeep of its trucks. In January, 1931, when the truck was being driven up Poplar Grove Street, the left front wheel left the axle and the wheel ran up the street for two blocks. After that the truck lay in the garage or shop for

three or four months, after which it was repaired and over-hauled and a new body placed on the chassis, and it had been in use about two weeks when the accident happened. From the overhauling of the truck until the day of the accident there is no evidence from which it can be inferred that the materials of which the car was made were not sound, in fact, the testimony is that they, to all appearances, were not defective, and that this condition applied particularly to the right front wheel, axle, and spindle. The evidence further is un-disputed that an examination by appellant's foreman and mechanic showed a clear break of the spindle, which had to be the cause of the accident, according to appellant's contention, and, if it was not, then the break had to be one of the effects of some other cause. The appellant's foreman said, when testifying, "I don't see any flaw in the spindle which is broken." If this is the evidence on which the appellant relies for its contention, it is simply no explanation at all. It might be that the wheel came off because of some fault in the operation of the truck, or, conceding that the materials and parts did not show any defects, that the parts were not properly assembled. What, then, is the evidence with regard to the running condition or operation of the truck as reflecting on its being properly assembled? The appellee offered evidence of the condition of the car and its operation, which tends to rebut the defendant's theory that the car was in good running order. The appellant's driver, Kirby, who testified for the appellee that he was running at the time of the accident at a speed of twenty or twenty-two miles an hour, said: "When the wheel came off it cut off the road on an angle and rolled up on the pavement and knocked a partition out between the two houses (a double house) and hit the back of the rocking chair in which the woman was rocking. I cannot tell how fast the wheel was going after it left the car. It was going faster than the truck." He saw "the wheel leaving the right hand side of the truck." He said the point at which the wheel came off "is where the left hand curve comes in." "The left hand curve is what I think accounted for the accident

* * * throwing the wheel to the right * * * it would cause it to turn to the right making a left hand turn." Joseph T. Denson, who was the first to drive the truck after it was repaired, said the day he took it out he "had trouble with steering." "I knew it pulled to the right while I was driving it"; noticed it "most on left hand turn." When he brought it in, he made "a complaint to Mr. Burnham, the one who had charge of the trucks at the time." "I told him about the truck, how it was acting." John L. Mechlinski, who drove the truck the week after Denson, said: "The wheel was out of line. It was wobbly for one thing * * * it was hard to steer"; "a car was coming up Patterson Park Avenue and I had to make a sudden stop, and not being familiar with the truck I stepped on the brake and the truck went several feet to the right."

The appellant says, and correctly, that no witness testified that the steering caused the wheel to come off. But the facts testified to by Kirby as to the left turn, and by Denson and Mechlinski as to the steering, were before the jury, and they, in the absence of any evidence to the contrary, might have concluded that the car was not in good running order, and that, in case of a sudden stop or of a turn or steering to the left, some unusual strain was exerted against the right front wheel, axle, or spindle, or all of them, and they might reasonably have concluded that this strain or pressure caused the break in a sound spindle or axle, from which a wobbly wheel would not subtract anything, and that one of these conditions, or all of them combined, was the cause which cast the wheel from the truck. Compare *Lowenthal v. Backus Motor Co.,* 140 Md. 33, 37, 116 A. 834.

The question of fact as to whether the spindle broke because of a latent defect was, by the instructions granted the defendant, submitted to the jury, which by its verdict found as a fact that there was no such defect; its verdict therefore resting on the proof of appellant's negligence, of which we believe there was legally sufficient evidence.

*Judgment affirmed, with costs.*