## W. L. WILSON v. WILLIAM J. POLK AND SARAH POLK.

(Filed 8 May, 1918.)

**Automobiles—Negligence—Evidence — Ownership — Principal and Agent—Chauffeur—Minor Son.**

Where the mother is the owner of an automobile which ran into a buggy at night and injured the plaintiff, the guest thereon of another, through the negligence of her 19-year-old son, driving the machine at the time, and the son, with his father, were engaged in the business of the mother, the latter is liable whether she was then in the automobile or not; and evidence of her ownership and that the machine was being driven by her minor son in pursuance of her business is sufficient to take the case to the jury, subject to be rebutted. *Linville v. Nissen*, 162 N. C., 101, cited and applied.

APPEAL by defendants from *Webb, J.,* at October Term, 1917, of MECKLENBURG.

This is an action against the *feme* defendant to recover damages for personal injuries caused by an automobile running down the plaintiff, who was going home in a buggy drawn by a mule, in the night-time.

From a verdict and judgment in favor of the plaintiff the defendants appealed.

*E. R. Preston and Duckworth & Puhlman for plaintiff.*
*J. D. McCall and Plummer Stewart for defendants.*

CLARK, C. J. The evidence for the plaintiff is that he was a guest in the buggy owned by one Thompson, and was on his way home at night, when he was run into by the automobile in a head-on collision; that he recognized the *feme* defendant in the automobile and spoke with her; that the automobile was driven by her son, and that her husband was in the·conveyance at the time. It was also in evidence that the *feme* defendant listed the automobile as her property on the tax list, and that license was issued in her name. She offered evidence that she was not

in the automobile, and that she had given her automobile to her son, who had exchanged it for a new one. There was conflict of evidence, on which the jury found that the automobile was owned by the *feme* defendant and her son.

There was evidence that the defendants were running the automobile at night without headlight, or with defective headlights which did not enable them to see the plaintiff in the buggy, while the defendants offered evidence that the plaintiff's buggy was on the wrong side of the road and had stopped. This was denied by evidence for plaintiff. The jury found against the defendants as to the negligence which caused the collision. There was no evidence of contributory negligence by the plaintiff, who was a passenger in the buggy.

There was some evidence, irrespective of the evidence of ownership, that the car was being sent out by the wife on a mission to her farm. The court charged on this phase as follows: "If you find the son guilty of negligence, or if you find the husband was guilty of negligence, and find that they were her agents, acting in the employment of the wife and mother, find that she had sent them out to look after her business and sent them in her car, and sent the boy along, he being 19 years of age, if you find he was 19 years of age, and find that he was guilty of negligence, and that he was her agent, acting under her authority, the court charges you that she would be liable just as much as if she were along. But if you find that her husband and son were not acting as her agent, and if you find that she did not send them out to look after her business, and find that she was not along, find she was at home, and find she did not know where they had gone, but knew that they had taken the machine and gone off with it, but not to attend to her business or by her direction, the court charges you that any negligence of her husband or son would not be imputed to her, and it would be your duty to answer the issue 'No' as to her. If it was not her car she would not be liable."

The evidence as recited in the statement of the case is not very full as to the mission to the *feme* defendant's farm, but the exception is merely to the charge above given, and not on the ground that there was no evidence to support it. We cannot presume that the jury found the fact without evidence, and if such exception had been set out in the appellant's statement of the case on appeal, doubtless the evidence in support of that hypothesis would have been recited more fully. The jury absolved the husband from liability, but found against the mother and the son. It is unnecessary to discuss the other exceptions.

From the argument in this case and in others before us, there seems to be some misapprehension as to our ruling in *Linville v. Nissen,* 162 N. C., 101. The Court did not hold in that case that proof of the ownership of the automobile, and that it was being driven by the minor son

of the owner was not evidence to go to the jury. These are facts which usually call for explanation from the defendant owner. The Court held in that case that such evidence was rebuttable, as in that instance by the fact that the son had been forbidden to use the machine and had taken it out and was using it contrary to his father's wishes and without his knowledge; and that the mere ownership of the automobile of itself would not make the owner liable for personal injuries; that a parent was not ordinarily liable for such tort of his minor son (subject to exception where the father permitted a child of tender years to run his automobile), nor would the owner be liable for the negligence of his son or any other chauffeur running an automobile unless at the time driving the machine in the scope of his employment or implied authority. *Clark v. Sweeney,* at this term.

No error.