# THE TAXICAB COMPANY *vs.* HENRY E. HAMBURGER.

*Automobile Collision—Action for Damages—Evidence as to Speed—Instruction as to Variance—Assumption of Fact.*

In an action for injury by a collision between defendant's taxicab and plaintiff's automobile, a witness, who did not see the collision, could testify as to the reckless haste with which the taxicab was being driven a few blocks away from the scene of the accident, the accident having followed within a short time, and there being other evidence of excessive speed at the time of the accident.                                    p. 128

A witness who did not see the collision on which the suit was based should not have been allowed to "guess" how far away he was when it occurred.                                    p. 128

For damage to an automobile, one is entitled to recover such sum as represents the reasonable cost of repairs.                                    p. 128

A prayer that "under the pleadings and evidence in this case there is no evidence legally sufficient to entitle the plaintiff to recover," being necessarily based upon a variance between the pleadings and the proof, its refusal cannot, under Code, art. 5, sec. 9A, be reviewed on appeal in the absence of any designation by it of the points at which the variance exists.                                    p. 129

In an action based on an automobile collision, a prayer for an instructed verdict for lack of evidence that "the negligence of the defendant's chauffeur was the proximate cause of the accident" was defective as assuming negligence on the part of the chauffeur and asking the court to say as a matter of law that such negligence was not the proximate cause of the accident.                                    p. 129

° A prayer seeking to take a case from the jury for want of legally sufficient evidence will not be granted if there is any evidence, however slight, legally sufficient as tending to prove it, that is to say, competent, pertinent and coming from a legal source, but the weight and value of such evidence will be left to the jury.                                    p. 129

Plaintiff's testimony that when he started to turn into a cross street, a touring car, which defendant's taxicab subsequently passed, was half a block away, and that the taxicab came tearing down on him before he could get across the street, was sufficient evidence of excessive speed to take the case to the jury.                                                        p. 129

The violation of the rules of the road, or of any statute or ordinance, by the plaintiff, will not prevent recovery by him unless such violation is shown to have been the proximate cause of the accident.                                              p. 129

*Decided June 7th, 1924.*

Appeal from the Superior Court of Baltimore City (Carroll T. Bond, J.).

Action by Henry E. Hamburger against The Taxicab Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The plaintiff's prayers were as follows:

*First.*—The plaintiff prays the court to instruct the jury that notwithstanding the fact they may find from the evidence in this case that the defendant's cab was to the right of the plaintiff's automobile at the intersection where the accident referred to in the evidence occurred, yet if they shall further find that the driver of the defendant's cab could have avoided the accident by the exercise of ordinary care, after he saw, or by the use of ordinary care might have seen, that the plaintiff was approaching said intersection from the left to proceed northerly into Oak Street, and if they further find that the defendant's driver failed to exercise ordinary care to avoid said accident under the aforementioned circumstances, then the verdict of the jury must be for the plaintiff.

*Second.*—The court instructs the jury that if they find for the plaintiff, they shall award him as damages such sum as they shall find from the evidence represented the reasonable cost to repair the damage to the automobile of the plaintiff, caused by said accident.

The defendant's prayers were as follows:

*First.*—The jury are instructed that under the pleadings and evidence in this case there is no evidence legally sufficient to entitle the plaintiff to recover from the defendant, and their verdict must therefore be for the defendant, The Taxicab Company.

*Second.*—The jury are instructed that there is no evidence in this case that the negligence of the defendant's chauffeur was the proximate cause of the accident referred to in the evidence, and the injury and damage complained of in the declaration, and their verdict must therefore be in favor of the defendant, The Taxicab Company.

*Third.*—The jury are instructed that the mere happening of the accident complained of raises no presumption of negligence on the part of the defendant, its servants and agents in the premises, but the burden is upon the plaintiff to show by a fair preponderance of affirmative evidence that there was such negligence, and that such negligence was the proximate cause of the accident referred to in the evidence, and of the injury complained of in the declaration, and if the minds of the jury shall be left by the evidence in the state of even balance as to the existence of such negligence, and proximate cause, then their verdict shall be for the defendant, The Taxicab Company.

*Fourth.*—The jury are instructed that the law of this State gives to all vehicles, approaching from the right at street intersections, the right of way over other vehicles approaching from the left, and requires vehicles approaching from the left to give such right of way to vehicles approaching from the right. If the jury shall find from the evidence in this case that the collision and damage referred to in the evidence were directly and proximately caused by the failure of the plaintiff, while operating his automobile, to give the right of way to the defendant's taxicab, which approached him from the right, at the corner of North Avenue and Oak Street, in Baltimore City, then their verdict shall be in favor of the defendant, The Taxicab Company, even though they

shall find from the evidence that the chauffeur of said taxa-
cab was negligent in the operation thereof.

*Fifth.*—The jury are instructed that at the intersection
of public highways, in this State, all vehicles are required by
law to keep to the right of the center of such highways, and
pass to the right of the center of such intersection when turn-
ing to the left.

*Sixth.*—The jury are instructed that if they shall find
from the evidence that at the time and place of the accident
complained of, the defendant's chauffeur was operating a
taxicab west on North Avenue, approaching Oak Street, and
the plaintiff was operating his automobile east on North
Avenue, likewise approaching Oak Street, and intending to
turn north on Oak Street, that it thereupon became the duty
of the plaintiff to give the right of way to the said taxicab,
and allow the same to pass by proceeding north on Oak Street
aforesaid, and if the jury shall find from the evidence that
the plaintiff undertook to proceed north on Oak Street, before
allowing the said taxicab to pass, thereby attempting to cross
in front of the same, that the plaintiff assumed the risk, can-
not recover for any damage to his said automobile occasioned
by the collision referred to in the evidence, unless the jury
shall further find that the chauffeur, operating the said taxi-
cab, could, by the exercise of ordinary care, have avoided
said collision after he saw, or, by the exercise of ordinary
care, might have seen the plaintiff's automobile in a posi-
tion of danger.

The cause was argued before PATTISON, URNER, ADKINS,
OFFUTT, and DIGGES, JJ.

*W. Conwell Smith,* for the appellant.

*William D. Macmillan,* with whom were *Semmes, Bowen
& Semmes* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This suit grew out of a collision between the car of ap-
pellee and the taxicab of appellant at the corner of Oak
Street and North Avenue in the City of Baltimore.

Henry E. Hamburger, the appellee, was driving east on North Avenue approaching Oak Street and the driver of appellant's taxicab was driving west on said avenue, also approaching Oak Street. According to all the witnesses the collision occurred at a point near the curb on the north side of North Avenue and the west side of Oak Street. Oak Streets starts at North Avenue and runs north.

Hamburger testified that as he approached Oak Street he was south of the east bound car track on North Avenue; that he drove to about the centre of Oak Street when he looked east on North Avenue to see if the traffic was clear enough to make the turn, and all he saw coming was one machine half way in the block, a touring car going west; that knowing he had ample time to make the turn he endeavored to do it and, as he got just about across the east bound car track, he noticed a taxicab speeding beyond the touring car which he passed, driving rather fast past the touring car. "I saw him coming and after he got a little further over here I seen an accident was inevitable and I could not get out of the way. I endeavored to turn my car this way (indicating his left) to retrace my steps in order to run with him that he might pass me this way (indicating his right) without getting me; I think I got beyond this point (indicating) when he hit me; he didn't hit me at the front end of my car, but he hit me in the centre. Q. Why is it you could not get out of his way? A. Because he was speeding; he was coming there (indicating) and I must retrace my steps and I did trying to make that way (indicating); had I gone straight ahead going up Oak Street, I would have gotten the full force of the blow, and if I turned my wheel I thought I would only get a glancing blow, which I did; had he hit me full I would have turned over. Q. Did you see the driver of the taxicab or notice whether or not anything was done by the driver of the taxicab to avoid the accident? A. He may have endeavored to avoid the accident. I did not see what he did to try to avoid it."

The witness further testified that he was driving about fifteen miles an hour; that he was not going so fast he could

not stop his car, "but I did not think I could stop it in time to avoid him at the speed he was going; he would reach the corner before I did and of course I endeavored to turn around to get out of his way, thinking I had a better opportunity to get out of the way that way, so I tried to turn."

"Q. When you saw the taxicab you did not make any effort to stop your car? A. When I saw the taxicab tearing down on me I was that far across the street I did not think to make any effort to stop my car would do me any good, and I endeavored to turn around to follow him or keep away from him."

The testimony offered by the appellant, the defendant below, tended to prove that the taxicab was not going more than ten or fifteen miles an hour, and to negative the idea of negligence on the part of its driver, it tended also to prove that plaintiff tried to cut the southwest corner in order to get across ahead of the taxicab; and that the taxicab was too near the car when it made the turn to be stopped in time to avoid the accident.

There are three bills of exception. Two relate to rulings on evidence, and the third to the ruling on the prayers.

Harry D. Dorn, one of plaintiff's witnesses, testified as follows: "Q. Where were you, in what way did you come in connection with the accident and what do you know about it? A. He passed me around Guilford Avenue, this taxicab, he drove in past me on the right and nearly took my front end as he passed me; my wife was sitting in the car and I said—— (Objected to.) Q. State what happened after that occurred; what did you do? A. I nearly turned over getting out of his way, and when we got to Oak Street I said to my wife—— (Objected to.) Q. What did you do? A. I said he got it, that he got into the accident which I thought he was going to get me."

Counsel for defendant moved to strike out the answer about what happened at Guilford Avenue, on the ground that it could not have any bearing on what happened in this case, which motion was overruled. This ruling was the subject of the first exception.

Dorn continued to testify as follows: "Q. Do you remember the position in which the cars were at the time of the accident? A. No, I do not remember. Q. You do not remember which way they were facing or anything else? A. I do not; I did not see them come together. (The Court): You were that far back? A. That far back. Q. How far back? A. I guess—— (Counsel for Defendant): I object to any guess by the witness. Q. How far back were you? A. I guess about two blocks I would say away from this accident."

The defendant thereupon moved to strike out the answer, and all of the witness' previous testimony. The refusal of this motion constitutes the second exception.

We find no error in the ruling in the first exception under the circumstances. While the witness did not remember the number of the taxicab at the time of the trial, he testified that at the time of the accident he knew it was the one that had passed him by the number which he *then* recalled. We think the circumstance of reckless haste a few blocks away from the accident was relevant, in the case of a taxicab, where the accident followed within such a short time, there being other evidence of excessive speed at the time of the accident. *Huddy on Automobiles* (6th ed.), sec. 929; *Berry on Automobiles* (3rd ed.), sec. 1003.

There was error in the ruling in the second exception. As the witness did not see the collision he should not have been permitted to guess how far away he was when it occurred. The motion to strike out this testimony should have been granted. But we do not think appellant could have been seriously prejudiced by this error.

The remaining exception was to the granting of plaintiff's second prayer and to the refusal of defendant's first, second and sixth prayers. The Reporter is requested to set out all the prayers.

Plaintiff's second prayer correctly stated the measure of damages, if there was any case to go to the jury.

Defendant's first prayer "that under the pleadings and evidence in this case there is no evidence legally sufficient to

entitle the plaintiff to recover," &c., is "necessarily based upon a variance between the pleadings and the proof. But as it does not specifically designate the points at which the variance exists, this Court is precluded by the statute referred to (Code, art. 5, sec, 9A) from considering the objection." *Balto. & O. R. Co.* v. *Walsh,* 142 Md. 230; *Heath* v. *Michael,* 145 Md. 277.

Defendant's second prayer asks for an instructed verdict for lack of evidence "that the negligence of the defendant's chauffeur was the proximate cause of the accident." We can have no doubt that this prayer was properly refused. The prayer as drawn assumes negligence on the part of the chauffeur, and asks the court to say as a matter of law that such negligence was not the proximate cause of the accident. But whether it be so construed, or be treated as a general demurrer to the evidence, it could not properly have been granted.

"A prayer seeking to take a case from the jury for the want of legally sufficient evidence will not be granted if there is any evidence, however slight, legally sufficient as tending to prove it, that is to say, competent, pertinent and coming from a legal source, but the weight and value of such evidence will be left to the jury." *Taxicab Co.* v. *Emanuel,* 125 Md. 246; *Geiselman* v. *Schmidt,* 106 Md. 585.

The plaintiff's testimony, alone, that when he started to make the turn into Oak Street the touring car, which defendant's taxicab subsequently passed, was half a block away from the crossing, and that the taxicab came tearing down on him before he could get across the street, was sufficient evidence of excessive speed to take the case to the jury.

The violation of the rules of the road, or of any statute or ordinance, by the plaintiff will not prevent recovery, unless such violation be shown to have been the proximate cause of the accident. *Gittings* v. *Schenuit,* 122 Md. 282; *Kelly* v. *Huber Baking Company,* 145 Md. 321.

There is no prayer presenting the question of contributory negligence. *Magaha* v. *Hagerstown,* 95 Md. 62. But even

if there had been offered a prayer asking for an instructed verdict on the ground of contributory negligence, it could not have been granted on the evidence in this case. It could not be said as a matter of law that the violation of any statute by plaintiff or any other negligence on his part was the proximate cause of the accident.

It follows, there being, in our opinion, some evidence of negligence on the part of the defendant, that the case was properly allowed to go to the jury.

Nor do we find any error in the refusal of defendant's sixth prayer. The proposition contained in that prayer was fully covered and clearly presented by defendant's fourth prayer.

Finding no reversible error in any of the rulings of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*