## WILLIAM E. GUTHERIDGE *v.* H. E. GORSUCH.

[No. 17, October Term, 1939.]

*Decided October 26th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Harold M. Vick* and *John A. Cochran,* for the appellants.

*W. Hamilton Whiteford,* with whom was *Foster H. Fanseen* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a judgment entered by the Superior Court of Baltimore City upon a directed verdict in favor of appellee (defendant therein) against plaintiffs.

On May 6th, 1938, William E. Gutheridge, while working for Ring Engineering Company at the real estate development known as "Northwood," in Baltimore, Maryland, sustained serious bodily injuries, as a result of being struck by an automobile truck allegedly owned by appellee and negligently operated by his agent and servant. Gutheridge received compensation under the provisions of article 101 of the Code, known as the "Workmen's Compensation Law," and brought the present suit on his own behalf and to the use of his employer and its insurer, to recover damages for the injuries he had sustained. It was alleged in the declaration that his injuries were occasioned by the negligent operation and management of defendant's truck, operated, controlled and managed by agents and servants of the defendant, while Gutheridge was exercising due care. Subsequently, in compliance with defendant's demand for the particulars of plaintiff's claim, it was again alleged that the truck causing plaintiff's injuries was owned by the defendant and operated by his agents and servants. To the declaration as thus amplified appellee filed the general issue plea.

The case came on for trial and when testimony on behalf of the plaintiff had been concluded, the defendant offered three prayers numbered A, B and C.

The trial court granted appellee's A prayer, instructing the jury that the plaintiff had offered no legally sufficient evidence to entitle him to recover and their verdict must be for the defendant, but refused his B and C prayers, by each of which directed verdicts were also sought.

The correctness of the trial court's action in granting appellee's A prayer, withdrawing the case from the consideration of the jury, must be tested by the rule uniformly announced by this court, which is whether, assuming the truth of the evidence, and inferences legitimately deducible therefrom, in support of the plaintiff's right to recover, such evidence is of sufficient probative force to enable a mind of average intelligence to draw a rational conclusion therefrom in support of that right. If the answer to this inquiry be in the affirmative, it was error to withdraw the case from the consideration of the jury. *General Automobile Owners' Assn. v. State,* 154 Md. 204, 140 A. 48; *Owners' Realty Co. v. Richardson,* 158 Md. 367, 148 A. 543; *Merrifield v. Hoffberger Co.,* 147 Md. 134, 127 A. 500; *Miller v. Baltimore,* 161 Md. 312, 157 A. 289; *Minch v. Hilkowitz,* 162 Md. 649, 161 A. 164; *State v. Hecht Co.,* 165 Md. 415, 169 A. 311; *Roycroft v. Nellis,* 171 Md. 136, 188 A. 20; *Baltimore Elevator Co. v. Neal,* 65 Md. 438, 5 A. 338; *Universal Credit Co. v. Merryman,* 173 Md. 256, 195 A. 689.

There was testimony offered on behalf of Gutheridge which, if believed by the jurors, would have enabled them to find that on the afternoon of May 6th, 1938, he was employed by Ring Engineering Company to work under orders from his foreman at the Northwood development. Specifically, his duties were to keep a steam shovel oiled and greased, and to keep the line of trucks moving under the shovel. From time to time a truck would become "mired" in the earth, and Gutheridge was required to render assistance in getting the trucks out from beneath the shovel. Those duties had been performed by him throughout the day until he was injured. Two trucks, which for convenience are described as truck No. 1 and truck No. 2, were being used at the site to carry away excavated dirt. Truck No. 2 became "mired" in the earth, and Gutheridge ordered the driver of truck No. 1, which weighed five tons and was owned by defendant, to move out of the line from behind truck No. 2 to a position in front of it, and thereupon attached a

chain from six to eight feet in length from the front of truck No. 2 to the rear chassis of truck No. 1, but, due to the overhang of the rear of No. 1 truck, the space between the two trucks was only approximately four feet. After attaching the chain, he stepped aside and waved to the trucks to move ahead, and, after they had done so and truck No. 2 became free, he waved the drivers of both trucks to stop in order that he might disengage the chain which connected them. To the rear of the forward truck there was a slight incline, but Gutheridge, at the time they had stopped upon signal, was standing at a position on the driver's side of No. 1 truck and in full view of its driver. He then waved the driver of the No. 2 truck forward in order that the chain might be slackened and, that movement having been effected, stepped between the two trucks and detached the chain from the rear of No. 1 truck, but while in the act of detaching it from the front of No. 2 truck, which he was then facing, the driver of No. 1 truck, without warning of any kind, suddenly backed or permitted the truck to drift backward against his body, pinning him against the front of the rear truck and severely injuring him. Due to the noises occasioned by engines of the trucks and other machinery, it was practically impossible for him to hear a warning, and throughout the day an understanding had existed between him and the drivers that the trucks were to move only upon his signal. Herman Arndt, operator of the steam shovel which loaded the trucks, testified that at the time the motors of both trucks were running and there was considerable noise; that he saw the forward truck coming toward Gutheridge and "hollered," but "it happened so quick I guess the man did not get a chance."

It is to be noted that Gutheridge was rightfully upon the premises, that his presence there was known to the drivers of both trucks, who also knew from experience throughout the day that his duties required him to render assistance in keeping the trucks moving; that they moved their trucks upon his signal and, because of the

great amount of noise, it was understood between them that they should so operate. This being true for the purposes we are now considering the case, can it be said that the evidence is lacking in sufficient probative force to enable a mind of average intelligence to draw a rational conclusion in the support of his right to recover? We think not, in view of the fact that the driver of the truck which injured Gutheridge knew, or should have known, at the time, of the dangerous position which he occupied, and there existed an understanding between him and the truck drivers that they should be moved only upon his signal. Under such circumstances the conduct of the truck driver in backing or permitting the No. 2 truck to drift backward upon plaintiff, without any signal to move it in any direction, was negligent, since Gutheridge was justified in assuming that the truck driver would not back or permit his truck to move backward against him without some timely warning to enable him to escape.

In addition to the testimony that No. 1 truck, which caused plaintiff's injuries, was owned by the defendant, it will be recalled that ownership of both trucks was alleged, both in the declaration and the bill of particulars, which was filed in response to a demand therefor, and that, as previously stated, instead of denying ownership of the motor vehicle in the next succeeding pleading, appellee pleaded the general issue. By Code, art. 75, sec. 28 (109), it is provided: "Whenever the ownership of any motor vehicle is alleged in the pleadings in any action or matter at law, the same shall be admitted for the purpose of said action or matter, unless the ownership shall be denied by the next succeeding pleading of the opposite party or parties."

Defendant's failure to deny ownership of the two motor vehicles in the next succeeding pleading had the effect of admitting it, for the purpose of the suit, and, ownership being thus established, a *prima facie* presumption arises that the operators of the vehicles were the servants or agents of the owner. *Pennsylvania Railroad*

Co. v. Lord, 159 Md. 518, 151 A. 400, and authorities there cited. A reasonable presumption also arises that the servants were acting in the scope of their employment and upon the business of their master, and this presumption exists until rebutted. *Erdman v. Horkheimer & Co.*, 169 Md. 204, 181 A. 221; *Phipps v. Milligan,* 174 Md. 438, 199 A. 498.

In addition to ownership being established both by direct evidence as well as by the pleadings, and the inferences arising therefrom that the driver of the truck was defendant's servant and agent acting within the scope of his master's business, the evidence of primary negligence on the part of the servant in the operation of the truck is legally sufficient to require its submission to the jury, since it cannot be said as a matter of law that the plaintiff was himself guilty of negligence contributing to his injuries. *State v. Coal Co.,* 150 Md. 429, 133 A. 601; *Lozzi v. Pennslyvania Railroad Co.,* 152 Md. 508, 137 A. 293; *Baltimore Asphalt Block & Tile Co. v. Klopper,* 152 Md. 529, 137 A. 347; *Yockel v. Gerstadt,* 154 Md. 188, 140 A. 40; *Riganis v. Mottu,* 156 Md. 340, 144 A. 355; *Friedman v. Hendler Creamery Co.,* 158 Md. 131, 148 A. 426; *Tri-State Engineering Co. v. Graham,* 158 Md. 328, 148 A. 439; *Storrs v. Hink,* 167 Md. 194, 173 A. 66.

The contention that plaintiff's conduct in placing himself in a position of danger is sufficient to justify the court in directing a verdict for the defendant is not supported by the facts, since there is no proof that he knew or had cause to suspect that the truck driver would permit the truck to back into and injure him. It cannot, therefore, be said that he exercised an intelligent choice or assented to the condition causing his injuries. *Prince George's County v. Timmons,* 150 Md. 511, 133 A. 322; *Milestone System v. Gasior,* 160 Md. 131, 152 A. 810; *Hilton Quarries, Inc., v. Hall,* 161 Md. 518, 158 A. 19.

We conclude, for the reasons stated, that the trial court erred in granting defendant's A prayer withdrawing the case from the consideration of the jury, and this necessi-

tates a reversal of the judgment appealed from, to the end that a trial may be had upon the merits.

*Judgment reversed, with costs, and new trial awarded.*