## SAMUEL EDGAR FINNEY *v.* KARL L. FREVEL, ET AL.

[No. 21, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*Lester H. Crowther* and *Avrum K. Rifman,* with whom was *Herbert B. Fineberg* on the brief, for appellant.

*John C. Kump* for Karl Frevel, one of the appellees.

Court declined to hear argument for George Bertram Brock (*Ellis Levin* and *Roy S. Bond* on the brief, for Brock.)

COLLINS, J., delivered the opinion of the Court.

Samuel Edgar Finney, appellant here, sued Karl L. Frevel and George Bertram Brock, appellees here, jointly in tort for injuries received in an automobile accident in Baltimore City on December 19, 1942. The case was tried in the Superior Court of Baltimore before a jury.

The trial Judge granted the demurrer prayer of each defendant. From the judgment on verdict as a result of the granted prayers, the appellant appeals to this Court.

The plaintiff, testifying, said that he worked in the evenings for the defendant, Bertram Brock, as a musician playing the piano, and Brock provided transportation to take him home after working hours; that on the night of the accident on the way home from work, the station wagon provided by Brock was operated by one William Day. On the front seat with Day was a Mrs. Jackson. On the seat behind the driver was a man, Jones, and beside Jones was Mrs. Beatrice Smith. On the third seat was Bernard Johnson and he, the plaintiff, was seated on the right side of Johnson on the rear seat. The station wagon was proceeding north on Gilmor Street, and when they pulled up to the corner of Baltimore and Gilmor Streets about 2:30 a. m., Day stopped the station wagon and he, the plaintiff, looked both ways and did not see anything—no danger at all. He said that he could see to his right over one-half a block down Baltimore Street; that he did not see anything "only maybe cars parked so far off you wouldn't pay any attention." He said that he did not see any danger at all. To the question, "In other words, whatever car there was on Baltimore Street was so far back from the corner of Gilmor Street that you felt that this car that you were in had ample time to get across the street?" plaintiff answered, "Yes, sir." He said that Day, after coming to a dead stop at the intersection, looked and started, not driving fast, across Baltimore Street and had gotten almost across when the station wagon was struck in the rear. He said that the front wheels of the station wagon had passed the curb going north on Gilmor Street. He testified that he did not see anything that Day could have done "if it was with him like it was with me", because he, the plaintiff, did not see this car until it was hit. He said that he did not see Frevel's car until after the accident. He does not know where Frevel's car came to rest or stopped, but when he got to the station wagon, he saw some man

trying to push the Frevel car back but did not see it move. He further said that the station wagon came to rest after the accident on the west side of Gilmor Street north of Baltimore Street but did not know how far north of Baltimore Street, headed south. It had been completely turned around. He indicated the position on the blackboard, but this does not appear in the record.

Officer Thomas J. Keyes, produced as a witness by the plaintiff, testified that, as a result of a call received at 2:27 a. m., he arrived at the scene of the accident at 2:31 a. m., and the station wagon was against the west curb of Gilmor Street about 75 feet north of Baltimore Street, headed south, and a 1939 Oldsmobile sedan was on the north side of Baltimore Street approximately 100 feet east of the intersection. It appears that the Oldsmobile had been moved before the officer arrived although no evidence was produced to show that it had been moved. The entire front of the Oldsmobile, Frevel's car, was damaged. A large part of the right side of the station wagon in the center to the rear was damaged. The right door was completely off, a portion of the back panel was torn out, and the rear wheel and fender were damaged. The officer further said that he observed *some* skid-marks 9 feet south of the north curb of Baltimore Street. "They started thirty-two feet east of the curb-line of Gilmor Street and continued fifteen feet out into the intersection, and then the skid-marks were of a different character; they were very heavy rubber marks of rubber that shirred off with the automobile moving sideways, also deposit of dirt and glass at the end of the skid-marks." The skid-marks were about 47 feet long. The officer said that both drivers were able to operate an automobile.

The only other witness offered was the doctor who testified to the injuries sustained.

The appellant claims that both drivers were negligent. His own testimony, however, has exonerated Brock's driver from negligence. He says that the driver came to a full stop at the intersection of Gilmor and Baltimore Streets and both he and the driver looked; that the appel-

lant did not see any car coming from his right and the driver then proceeded, not driving fast, across the intersection, and after the front wheels of the station wagon had passed the curb going north on Gilmor Street, evidently the north curb of Baltimore Street, the station wagon was hit in the rear. He further exonerated Brock's driver from negligence when he said that he did not see anything that driver could do. The burden of proof being on the appellant, and there being no evidence legally sufficient, that is to say, competent, pertinent and coming from a legal source, to prove negligence on the part of Brock, the trial Court was correct in granting the demurrer prayer of the defendant, Brock. *Minch v. Hilkowitz,* 162 Md. 649, 161 A. 164; *Gutheridge v. Gorsuch,* 177 Md. 109, 8 A. 2d 885.

As to the negligence of Karl L. Frevel, there was no evidence offered that he was either the driver or owner of the car in collision with the station wagon. Ownership and operation of the car, however, are alleged in the declaration to be in Frevel. As the ownership was not denied by him in the next succeeding pleading, for the purpose of this case, ownership is admitted in him. Flack's Code, 1939, Art. 75, Sec. 28, Subsec. 109. Ownership being thus established, a *prima facie* presumption arises that the operator of the vehicle was the servant and agent of the owner. *Pennsylvania R. R. Co. v. Lord,* 159 Md. 518, 526, 151 A. 400; *Gutheridge v. Gorsuch, supra,* 177 Md. 109, 114, 115, 8 A. 2d 885. A reasonable presumption also arises that the servant and agent was acting in the scope of his employment and upon the business of the master and this presumption exists until rebutted. *Erdman v. Horkheimer & Co.,* 169 Md. 204, 181 A. 221; *Phipps v. Milligan,* 174 Md. 438, 199 A. 498; *Gutheridge v. Gorsuch, supra.*

The plaintiff, in his contention that there is evidence from which excessive speed on the part of the defendant can be inferred, relies on the cases of *Taxicab Co. v. Hamburger,* 146 Md. 122, 125 A. 914; *Ottenheimer v. Molohan,* 146 Md. 175, 177, 126 A. 97; *Bozman v. State,*

177 Md. 151, 9 A. 2d 60. In the case of *Taxicab Co. v. Hamburger, supra,* there were witnesses who actually saw and testified to the speed of the taxicab. In the case of *Ottenheimer v. Molohan, supra,* there was testimony that the brakes were in good order and were put on so hard that loud screeching was heard and were applied before or at the moment of the collision, and the car was not stopped for a distance of from 100 to 135 feet. In the case of *Bozman v. State, supra,* the skid-marks started 15 feet from the point of impact and extended across the road 75 feet to the rear wheels of the defendant's automobile. There was also an eyewitness who testified that the defendant's automobile was going fast, and the defendant admitted that he saw the boy whom he struck at the distance of 75 feet.

Reliance upon testimony alone of marks upon the road, even though clearly shown to be made by the defendant's car, to establish negligence has never been favored by this Court. *Shafer v. State,* 171 Md. 506, 509, 189 A. 273. As to the skid-marks in this case showing excessive speed and that the automobile was not under control, the officer said he saw *some* skid-marks and glass and dirt. There is no witness who says or attempts to say that these skid-marks were made by the Oldsmobile. Of course, the glass and dirt could have come from the station wagon. None of the witnesses saw Frevel's car until after the accident. There is nothing to identify the skid-marks, starting 32 feet east of the intersection and extending 15 feet into the intersection, a total distance of 47 feet, with the defendant Frevel's car except that the skid-marks were in the general location where the appellant says that the station wagon was hit. There is no evidence as to whether the pavement was wet or dry or as to the condition of Frevel's brakes. There is no evidence that the skid-marks extended to where Frevel's car came to rest, for none of the witnesses know where it did stop. *Opecello v. Meads,* 152 Md. 29, 38, 135 A. 488. It could hardly be said that the testimony clearly showed that the skid-marks to which Officer Keyes tes-

tified were made by Frevel's car. This Court said in the very recent case of *Gloyd v. Wills*, 180 Md. 161, at page 166, 23 A. 2d 665, at page 667, through Judge Marbury: "Testimony of marks upon the road clearly shown to have been made by one of the cars in the accident is admissible, but this court has recently said that reliance upon such evidence alone is beset with dangers, and has laid down the rule in the case of *Shafer v. State*, 171 Md. 506 [509], 189 A. 273, 274, in the following words: 'It would be legally sufficient or insufficient in a particular instance according as it might or might not rise above speculation and conjecture on what had taken place, and so afford the rational basis needed for an adjudication that the defendant's agent was guilty of negligence which produced the accident.' "

As to the physical damage of the two cars showing how the accident happened, we do not know whether this damage was caused at the time of the collision or by the movements of the cars after the collision. The station wagon was completely turned around, and we do not know where Frevel's car came to rest. The location of the damage to each of the cars in a collision does not necessarily prove anything about the location where the collision took place. *Gloyd v. Wills, supra*, 180 Md. 166, 23 A. 2d 665. There is no evidence as to the condition of the weather. It is not shown whether the street lights were lit at that time of night or whether the plaintiff saw any automobile lights, nor did he testify whether the lights were burning on the station wagon in which he was riding. It is not shown whether the width of Baltimore Street at that point is 72 feet or 55 feet. There is nothing in the testimony to indicate the length of the block down which the plaintiff says he could see over one-half a block except his statement that he could see down Baltimore Street a long distance. The plaintiff did not testify that there was no car coming from the right when the station wagon crossed Baltimore Street, but that he did not see any car approaching from the right. There is no evidence that there was no alley or parking space

near the corner of Baltimore and Gilmor Streets from which Frevel's car might have come and proceeded on its right of way up Baltimore Street. This Court has said many times that there must be evidence legally sufficient to prove negligence and to connect that negligence with the injury before a Court is justified in allowing the case to go to the jury. *Benedick v. Potts*, 88 Md. 52, 40 A. 1067; *Hagerstown & F. R. R. Co. v. Wingert*, 133 Md. 455, 457, 105 A. 537; *Robertson v. North American Refractories Co.*, 169 Md. 187, 181 A. 223. The burden of proof is on the plaintiff to show that the defendant was guilty of negligence directly contributing to the accident. The mere happening of the collision does not imply negligence. Evidence of negligence does not impose legal liability. The negligence must have caused the injury. "The fact to be proved is, of course, not merely the existence of negligence. 'The mere existence of negligence at the time and place of an injury does not give a right of action. The injury must have been caused by it.' *United Rys. & Elec. Co. v. Perkins*, 152 Md. 105, 110, 136 A. 50, 52; *Needy v. Littlejohn*, 137 Iowa 704, 710, 115 N.W. 483; *Morrison v. Clark*, 196 Ala. 670, 676, 72 So. 305." *Shafer v. State, supra*, 171 Md. 506, 509, 189 A. 273, 274. Chief Judge Bond said in the case of *Nicholson v. Kreczmer*, 178 Md. 680, 13 A. 2d 596: "There was testimony that the truck ran on fifty feet after the collision, but that might have been due to surprise and consequent delay in stopping. A finding of negligence would have to be made from the mere fact of the collision."

Frevel's car, approaching the intersection from the right, had the statutory right of way over the car in which the appellant was riding, there being no evidence of signal lights or stop signs. Flack's Code, 1939, Art. 56, Sec. 235; *Askin v. Long*, 176 Md. 545, 547, 6 A. 2d 246; *Clautice v. Murphy*, 180 Md. 558, 26 A. 2d 406. From the appellant's testimony that the station wagon was almost across the intersection when hit, it is evident that Frevel's car was on the right side of Baltimore

Street where it was supposed to be. There must be proof of essential facts to fix liability upon a party charged with the commission of a wrongful act. We are not justified from mere possibilities to infer the existence of facts. There must be some reasonable evidence of well-defined acts of negligence as a cause of the injury, and therefore the burden is upon the plaintiff to give some affirmative evidence of the existence of such negligence before the Court is justified in submitting the case to the jury. Juries cannot be allowed to make mere conjecture or speculation the foundation of their verdicts. *Baltimore & O. R. R. v. State,* 71 Md. 590, 509, 18 A. 969; *Lowenthal v. Backus Motor Co.,* 140 Md. 33, 37, 116 A. 834; *Shafer v. State, supra,* 171 Md. 506, 509, 189 A. 273. The burden of proof being on the appellant and there being no evidence legally sufficient to show negligence on the part of the defendant, Frevel, and that the negligence caused the injury, the trial Court was correct in granting the demurrer prayer of the defendant, Frevel. The judgment will therefore be affirmed.

*Judgement affirmed with costs.*

DELAPLAINE and GRASON, JJ.. dissent from the affirmance as to the appellee Frevel.