RALPH SMITH, JR., BY HIS NEXT FRIEND, RALPH SMITH, SR., v. EFTHI-
MIOS MARIAKAKIS, VIRGINIA MARIAKAKIS AND WILLIE WATSON.

(Filed 31 January, 1946.)

**1. Appeal and Error § 29—**

Exceptions not set out and discussed in appellant's brief are deemed
abandoned.

**2. Automobiles § 24c—**

Evidence that the driver of the car involved in the accident had been
seen by the witness working in his co-defendants' sandwich shop practi-
cally every day and that the car was owned by his co-defendants, or one
of them, and license therefor issued in the name of one of them, *is held*
insufficient to carry the case to the jury on the issue of *respondeat supe-
rior.*

APPEAL by plaintiff from *Harris, J.,* at June Civil Term, 1945, of
ORANGE.

This is an action by the plaintiff to recover damages for personal and
property injuries alleged to have been caused by the negligence of the
defendants.

It is alleged and contended by the plaintiff that on 8 October, 1943,
he was driving a truck, the property of H. S. Pendergraft, eastward on
Highway 54, and met the defendant Willie Watson driving a Plymouth
automobile westward on said highway; that said truck and said auto-
mobile collided, and as a result of said collision the plaintiff was seri-
ously injured and said truck damaged; that the said collision was proxi-
mately caused by the negligent operation of said Plymouth automobile
by said defendant Willie Watson.

The plaintiff introduced his evidence and rested his case. Whereupon
the defendants moved for a judgment as in case of nonsuit and to dis-
miss the action. The court granted the motion as to the defendant
Efthimios Mariakakis and Virginia Mariakakis, and overruled the
motion as to the defendant Willie Watson. The plaintiff excepted to the
sustaining of the motion as to the defendants Mariakakis, and appealed to
the Supreme Court, assigning errors. The case was submitted to the
jury as to the defendant Willie Watson and verdict and judgment ob-
tained against the defendant Willie Watson, from which no appeal was
taken.

*L. J. Phipps for plaintiff, appellant.*

*Henry A. Whitfield and Fuller, Reade, Umstead & Fuller for de-
fendants, appellees.*

SMITH v. MARIAKAKIS.

SCHENCK, J.   The only assignment of error set out in the plaintiff appellant's brief relates to the action of the court in sustaining the motion of the defendants Efthimios Mariakakis and Virginia Mariakakis for judgment as in case of nonsuit and to dismiss the action as to said defendants, and since this is the only assignment of error discussed it is presumed that the other assignments of error are abandoned.

It is the contention of the appellees that there was no error in the ruling of the court, since all the evidence tended to show that the defendant Willie Watson was operating the automobile involved in the wreck, and the other defendants were not present at the time, and that there was no evidence of any agency existing between the defendant Watson and the other defendants to invoke the doctrine of *respondeat superior*.

On the other hand, it is the contention of the appellant that there was error in the ruling of the court, since there was sufficient evidence in the record to carry the case to the jury upon the theory that the defendant Willie Watson was at the time of the wreck the agent of the other defendants, acting within the scope of his agency, and therefore the doctrine of *respondeat superior* was applicable.

These adverse contentions of the appellant and the appellees present but the single question, namely, was there evidence in the record sufficient to carry to the jury the question as to whether the defendant Willie Watson, at the time of the wreck, was acting as the agent of the other defendants, and acting within the scope of his employment? After a careful examination of the evidence in the record, we are constrained to answer the question posed in the negative.

The only evidence in the record relating to the defendant Willie Watson was that the witness Charlie Lloyd testified that Willie Watson passed him and others on Highway No. 54 in another car about a quarter of a mile from where the wreck took place, "driving about 60 miles per hour and whipped around us"; the witness Arthur testified: "Willie Watson passed me going toward Graham in a gray Plymouth automobile on a little knoll"; the witness Mrs. Ralph Smith, Sr., testified that on 8 October, 1943, about 10 o'clock she saw Willie Watson in the Marathon Sandwich Shop, operated by Mr. Mariakakis and his wife, cleaning tables, and I saw Willie Watson there practically every day; Willie Watson, himself in an adverse examination taken and introduced in evidence by the plaintiff, testified that "I did not work any for Mr. Mariakakis, but worked for one Edwards who lived on the Mariakakis farm, helping Edwards feed the hogs there. There is also evidence to the effect that the automobile which Willie Watson was driving on the night of the wreck was owned by Efthimios Mariakakis and Virginia Mariakakis, or one of them, and that license in the name of Virginia Mariakakis was issued therefor.

In order to carry the case to the jury there must appear more than a scintilla of evidence that the defendant Willie Watson was the agent of the other defendants, appellees, acting within the scope of his authority. This evidence, in our opinion, does not appear in the record, and therefore the judgment below is

Affirmed.