R. F. CARTER AND D. W. CARTER, CO-PARTNERS, TRADING AND DOING BUSINESS AS OAK GROVE CAFE, v. THURSTON MOTOR LINES, INC.

(Filed 5 March, 1947.)

**1. Automobiles § 18h (2)—**

Evidence that a truck ran into a building at the intersection of public highway is sufficient evidence of negligence on the part of the driver of the truck to take the issue to the jury.

**2. Master and Servant § 22a: Principal and Agent § 10—**

The doctrine of *respondeat superior* applies only when the relation of master and servant or principal and agent is shown to exist between the wrongdoer and the person sought to be charged, at the time and in respect to the very transaction out of which the injury arose.

**3. Automobiles § 24e—**

Evidence tending to show that the truck causing the injury had painted on its side the name of defendant, a corporation engaged in freight transportation by truck, and that the injury was caused by the negligence of the driver of the truck, *is held* insufficient to make out a *prima facie* case under the doctrine of *respondeat superior*, and defendant's motion to nonsuit should have been allowed, some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose being necessary in addition to evidence of ownership and negligence.

**4. Evidence § 42d—**

A declaration of an agent, even though it be part of the *res gestæ*, is not competent against the alleged principal unless the fact of agency is established *aliunde*.

**5. Evidence § 7a—**

Where the allegations of the complaint are denied, the burden is on plaintiff to offer evidence in support of each essential element of his

cause of action or facts from which a presumption in his favor in regard thereto arises, and thus establish his case.

SEAWELL, J., dissenting.

APPEAL by defendant from *Frizzelle, J.,* at May Term, 1946, of ALAMANCE. Reversed.

Civil action for damages resulting from the alleged negligent operation of a truck of the tractor-trailer type.

Plaintiffs operate a cafe in a two-story brick building located at the intersection of N. C. Highways Nos. 10 and 54. Their living quarters are located on the second floor. About 1:15 a.m., 7 September, 1945, plaintiffs heard "an awful noise." On investigation they found that a motor vehicle of the tractor-trailer type had run into the building. The vehicle had the name of defendant painted on the sides of the trailer and truck. The stock in trade of plaintiffs was damaged and they were forced to remain closed for some time. Plaintiff testified, over objection of defendant, that Belton King said at the time that he was driving the truck; that he fell asleep and lost control of the truck, and "tore it all to pieces."

There was a verdict for plaintiffs. From judgment on the verdict the defendant appealed.

*J. Elmer Long and Clarence Ross for plaintiff, appellee.*
*Long & Long for defendant, appellant.*

BARNHILL, J. There is ample evidence of negligence on the part of the driver of the truck which ran into the building occupied by plaintiffs. *Etheridge v. Etheridge,* 222 N. C., 616, 24 S. E. (2d), 477; *Boone v. Matheny,* 224 N. C., 250, 31 S. E. (2d), 364. The plaintiffs seek to hold the defendant liable for the damages they sustained as a result thereof under the doctrine of *respondeat superior.* The defendant denies all the essential allegations in the complaint, so that plaintiffs are put to proof of every fact necessary to support a recovery. Thus the question posed by this appeal is this: Is there any evidence sufficient to warrant the submission of the case to the jury on the issue of defendant's liability under the doctrine of *respondeat superior?*

There is evidence that the name of defendant corporation was painted on the sides of the truck and trailer; and one of plaintiffs referred to the truck as "the Thurston Motor Lines truck." Defendant in its answer admits that it is engaged in the business of hauling merchandise and freight by motor truck and trailer for profit over and upon the highways of North Carolina and other states. The record discloses this and nothing more. There is no evidence that the truck was loaded or un-

loaded, or that it had ever been used in the business of defendant. Neither is there any evidence that the driver was then, or had ever been, in the employ of the defendant.

The doctrine of *respondeat superior* applies only when the relation of master and servant, employer and employee, or principal and agent is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong, at the time and in respect to the very transaction out of which the injury arose. This is so well recognized that it may be said to be axiomatic.

The question is: Does evidence tending to show that defendant was the owner of the truck which caused the damage, together with proof of negligence of the driver, make out a *prima facie* case for the jury as against the owner?

On this question there is a decided conflict of judicial opinion. Decisions fall into at least three major groups: (1) Some courts hold that proof of ownership alone is, *prima facie,* sufficient, in the absence of positive evidence that the driver was not an employee of defendant; (2) others that proof of ownership plus general employment is sufficient; and (3) still others that there must be some evidence that the driver was an employee, about his master's business at the time of and in respect to the very transaction out of which the injury arose. See 9 Blashfield, Pt. 2 Auto L. & P., 368, *et seq.;* Anno. 43 A. L. R., 899, where North Carolina is listed in the third class.

In the light of this conflict of opinion and decided lack of harmony in other jurisdictions, we must look to cases decided by this Court to ascertain what rule we have adopted and what course we have pursued, for the rule prevailing in this jurisdiction is, after all, controlling here.

In *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096, the Court, quoting from *Durham v. Straus,* 38 Pa. Sup. Ct., 621, said: "The plaintiff must not only show that the person in charge was defendant's servant, but the further fact that he was at the time engaged in the master's business. Evidence of the mere ownership of the machine is insufficient."

Thereafter in *Clark v. Sweaney,* 175 N. C., 280, 95 S. E., 568, and *Wilson v. Polk,* 175 N. C., 490, 95 S. E., 849, *Clark, C. J.,* used language seemingly intended to restrict the decision in the *Linville case, supra.* But the Court did not overrule the principle there stated. In the *Polk case* it was said by way of *obiter:* "The Court did not hold in that (the Linville) case that proof of the ownership of the automobile, and that it was being driven by the minor son of the owner was not evidence to go to the jury. These are facts which usually call for explanation from the defendant owner." In the *Sweaney case* the defendant owned the automobile. His son was driving and his wife was a passenger at the time of the collision. Immediately after the collision the defendant appeared and directed his son to carry plaintiff home on

his, defendant's, automobile. A divided Court held this evidence sufficient to be submitted to the jury.

On the other hand, the Court, in *Freeman v. Dalton,* 183 N. C., 538, 111 S. E., 863, expressly approved the language used in the *Linville case.* Then in *Misenheimer v. Hayman,* 195 N. C., 613, 143 S. E., 1, *Adams, J.,* speaking for the Court, says: "Unquestionably there is evidence of the driver's negligence, and in our opinion there is sufficient evidence of the defendant's ownership of the truck. The defendant contends, however, that if this be admitted it would still be incumbent upon the plaintiff to show that the driver was engaged in the performance of the defendant's business. This, of course, is a correct proposition . . ." To like effect are *Bilyeu v. Beck,* 178 N. C., 481, 100 S. E., 891, and *Grier v. Grier,* 192 N. C., 760, 130 S. E., 617.

These and other decisions rendered during the same period of time left the law in a somewhat confused or uncertain state. Then, at the Fall Term, 1929, three cases, in which the question was directly involved, were decided by this Court. In *Cotton v. Transportation Co.,* 197 N. C., 709, 150 S. E., 505, the defendant was the owner of the machine and the driver was defendant's employee. *Stacy, C. J.,* speaking for the Court, discussed some of the prior decisions and affirmed the judgment of nonsuit on the grounds there was no evidence the driver was about his master's business in respect to the transaction out of which the injury arose. In *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501, there was likewise evidence of ownership and general employment. The *Chief Justice,* in affirming a judgment of nonsuit, cites the *Linville case,* reconciles prior decisions, outlines the facts which must be made to appear in order to make out a *prima facie* case, and says: "The plaintiff must offer 'some evidence which reasonably tends to prove every fact essential to his success' (*S. v. Bridgers,* 172 N. C., 879, 89 S. E., 804)." See also *Linville v. Nissen, supra; Gurley v. Power Co.,* 172 N. C., 690, 90 S. E., 943; *Mason v. Texas Co.,* 206 N. C., 805, 175 S. E., 291; *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849; *Cole v. Funeral Home,* 207 N. C., 271, 176 S. E., 553; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126; *Smith v. Duke University,* 219 N. C., 628, 14 S. E. (2d), 643.

Then in *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503, *Brogden, J.,* frankly recognized the sharp division in judicial opinion as to what evidence is sufficient to make out a *prima facie* case under the doctrine of *respondeat superior,* cited cases in other jurisdictions holding that proof of ownership by defendant plus negligence by the driver is sufficient, and then met the issue squarely by saying: "In North Carolina the decisions are not in full accord, but the general principle is that mere ownership plus negligence is not sufficient to constitute a *prima facie* case."

Whatever the lack of full accord may have been prior to that time, since the rendition of these decisions, this Court has adhered consistently to the rule thus stated. They settled the question in this jurisdiction. In every case, since decided, in which the question has been at issue, the Court has held that to charge the owner of a motor vehicle for the neglect or default of another there must be some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose, and that proof of ownership alone is not sufficient to warrant or support an inference of such agency.

We have repeatedly held that proof of general employment is not sufficient. *Linville v. Nissen, supra; Jeffrey v. Mfg. Co., supra; Martin v. Bus Line, supra; Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40; *McLamb v. Beasley,* 218 N. C., 308, 11 S. E. (2d), 283; *Creech v. Linen Service Corp.,* 219 N. C., 457, 14 S. E. (2d), 408; *Smith v. Duke University, supra; Salmon v. Pearce,* 223 N. C., 587, 27 S. E. (2d), 647.

Even more significant is the fact that we, time and again, have either sustained or directed a judgment of nonsuit where there was evidence of ownership by the defendant plus negligence of the driver. Among those cases in which this has occurred are these: *Linville v. Nissen, supra; Reich v. Cone,* 180 N. C., 267, 104 S. E., 530; *Bilyeu v. Beck, supra; Freeman v. Dalton, supra; Grier v. Grier, supra; Martin v. Bus Line, supra; Cotton v. Transportation Co., supra; Weatherman v. Ramsey,* 207 N. C., 270, 176 S. E., 568; *Tyson v. Frutchey,* 194 N. C., 750, 140 S. E., 718; *Swicegood v. Swift & Co.,* 212 N. C., 396, 193 S. E., 277; *Parrott v. Kantor, supra; Vaughn v. Booker,* 217 N. C., 479, 8 S. E. (2d), 603; *McLamb v. Beasley, supra; Hawes v. Haynes,* 219 N. C., 535, 14 S. E. (2d), 503; *Riddle v. Whisnant,* 220 N. C., 131, 16 S. E. (2d), 698; *Smith v. Moore,* 220 N. C., 165, 16 S. E. (2d), 701; *Miller v. Moore,* 222 N. C., 749, 21 S. E. (2d), 874; *Russell v. Cutshall,* 223 N. C., 353, 26 S. E. (2d), 866; *Rogers v. Black Mountain,* 224 N. C., 119, 29 S. E. (2d), 203; *Smith v. Mariakakis,* 226 N. C., 100.

It may be suggested that in some of these cases evidence of the non-agency of the driver was developed through witnesses for the plaintiff. But the value of the cited and like cases as authorities on the question here presented rests squarely upon the all-important fact that, notwithstanding proof of ownership by defendant plus negligence by the driver, a judgment of nonsuit was directed in each.

In deciding whether there is sufficient evidence to be submitted to a jury, we must consider the testimony in the light most favorable to the plaintiff. If evidence of ownership plus negligence of the driver is sufficient to make out a *prima facie* case, judgment of nonsuit was not in order. The plaintiff, having offered evidence of ownership plus negligence, made out a *prima facie* case. Credibility was for the jury and

not the Court. And so, on the motion to dismiss, the Court could not have considered evidence tending to contradict the inference of agency arising from the proof of ownership even though such evidence came from witnesses for the plaintiff (other than the plaintiff himself).

So then in this State the rule is this: Evidence tending to show that defendant owned the vehicle which caused the damage and that such damage proximately resulted from the negligent manner in which the driver operated the same is not sufficient, *prima facie,* to charge the defendant under the doctrine of *respondeat superior.* There must be some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose.

To particularize is to exclude, and so we would not attempt to formulate a definition of "some evidence" applicable in all cases. That question must be decided in the light of the attendant circumstances in each case as it arises.

If view of our conclusion in respect to the motion to nonsuit the assignment of error based on the exception to the admission of the statement of the driver becomes immaterial. However, it is not amiss to note that even if said statement constitutes a part of the *res gestœ,* (and this we do not decide), it is not admissible against this defendant as evidence, either of negligence or agency, for the reason the record fails to disclose any testimony tending to show that he was at the time the agent of defendant. *McCorkle v. Beatty,* 226 N. C., 338; *Staley v. Park,* 202 N. C., 155, 162 S. E., 202.

The agency must be shown *aliunde* before the agent's admission will be received. *Hunsucker v. Corbitt,* 187 N. C., 496, 122 S. E., 378, and cited cases.

The trouble with this case is not with the law, but with the record. The plaintiff stopped short of making good his allegations. He now seeks to save himself by invoking the aid of legal presumptions, but these, too, need some facts to make them effective. It is alleged that the truck was engaged in the defendant's business at the time of the injury. This is denied. No evidence was offered to prove it. It is the rule with us that the plaintiff must make out his case.

For the reasons stated the judgment below must be

Reversed.

SEAWELL, J., dissenting: There are two reasons for my dissent; one is personal,—the desire that I may not be presumed, by acquiescence, to share in the views of the majority; the other is the hope that at some time and in some way we may bring our decisions more consistently in line with the modern rule applicable to this motor vehicle and trucking age.

There is no commendatory expression in the opinion of the rule adopted,—or as I might say in deference to the majority view of its derivation, the rule adhered to,—or the wisdom or propriety of applying it to cases of which the case at bar is typical, arising out of modern conditions of automobile traffic. .It merely invokes precedent. Perhaps the significance of many of the cases cited in the opinion will remain controversial, but whatever their import the rule deduced is too severely challenged by the changes which have taken place in comparatively recent years in the extent and pattern of automobile traffic, and the incidence of these two factors on accepted theories of legal proof in establishing the essentials of recovery for negligent injury to persons or property, to deny the propriety of readjustment.

As long as it was a neighborhood affair the plaintiff in such a suit might overcome the inconveniences of existing local rules of evidence, even to the proof of matters supposed to be within the peculiar knowledge of the defendant. A different picture is now presented. The vast nation-wide increase in passenger and freight traffic by truck, the number of concerns engaged in it, and the scale of their operations throughout the country have multiplied public contacts, increased the probability of personal and property injury, and made more difficult the establishment of facts necessary to recovery.

I think, therefore, the right answer to the question presented to us on the appeal is to be found not so much in a review of our own cited cases for guidance as in constructive attention to rules of evidence which have been successfully applied in other jurisdictions without infraction of any fundamental principle of procedure, or imposing undue hardship on the litigant parties. We must face the fact that in matters of this kind rules of evidence grow out of our experience with the probative facts and the reliability of the inferences we commonly draw from them. The inferences that may be drawn from the possession and operation of another person's bicycle or pleasure car, so often the object of loan or accommodation and suitable for private use, are certainly not those which may be drawn from the control and operation of a truck used commercially or in transportation of freight over a wide territory, through many states. For one thing, in the latter case the probability of the use of such a car for a private purpose is vastly diminished; and on the principle of regularity we may assume the contrary, which is commonly true. The presumption is normal and natural.

The distinction is important and generally observed in cases where this rule is applied.

The majority rule, which is the rule contended for by the appellees and applied in the trial court, may be thus stated:

"Where the ownership of such a car is admitted or established and it is found to be in .the control of a person other than the owner, and

being operated by such person, a presumption or inference arises that the person in charge is the employee and servant of the owner and acting within the scope of his employment." As thus stated it has the support of an impressive weight of authority and well reasoned opinion throughout the country. Huddy, Automobile Law, Vol. 15-16, sec. 161, et seq.; 9 Blashfield (1941), Sec. 64, and cases cited; 42 A. L. R., Annotation 898; 74 A. L. R. (1931), 951-968; 96 A. L. R. (1935), 634-645; 1945 A. L. R. Supplement to Annotations, p. 159; Hartig v. American Ice Co., 290 Pa., 21, 137 Atl., 867; Silent Sales Corp. v. Station, 45 Fed. (2d), 471; Telarico v. Bickers Office Furniture Co., 298 Pa., 211, 149 Atl., 883; Mahan v. Steward Sand Co., 211 Mo. App., 256, 243 S. W., 407; Crowell v. Padolsky, 98 N. J. L., 552, 120 Atl., 23; Giblin v. Dudley Hardware Co., 44 R. I., 371, 117 Atl., 481; Enea v. Pfister, 180 Wis., 329, 192 N. W., 1018; Alhbern v. Griggs, 158 Minn., 11, 196 N. W., 652; Mahan v. Walker, 97 N. J. L., 304, 117 Atl., 609.

In a number of states,—for instance, New York, Massachusetts, Connecticut, Tennessee—it has been made a rule of evidence by statute. In most cases, including those cited supra, it is judicially recognized as based on sound inferences from the fact of ownership of the truck and its control and operation by a person other than the owner.

In Finney v. Frevel, 37 Atl. (2d), 923, 925 (1944), it is said:

"Ownership being thus established, a prima facie presumption arises that the operator of the vehicle was a servant and agent of the owner, Pa. R. R. Co. v. Lord, 159 Md., 518, 526, 151 Atl., 400; Gutheridge v. Gorsuch, supra, 177 Md., 109, 114, 115, 8 Atl. (2d), 885. A reasonable presumption also arises that the servant and agent was acting in the scope of his employment and upon the business of the master and this presumption exists until rebutted. Erdman v. Horkheimer Co., 169 Md., 204, 181 Atl., 221; Phipps v. Milligan, 174 Md., 438, 199 Atl., 498; Gutheridge v. Gorsuch, supra."

In Frick v. Bickel (Ind. App. Ct., 1944), 54 N. E. (2d), 435, it is said:

"The rule is accepted in this state that where a plaintiff seeks to hold the owner of a car liable for injuries inflicted when the car was being operated by another, proof of the ownership makes out a prima facie case. This is on the theory that the fact of ownership justifies an inference or raises a presumption that the driver of the car is the agent of the owner and that he is driving it in pursuit of the owner's business."

In Enea v. Pfister, 180 Wis., 329, 192 N. W., 1018, 1019, it is said:

"We regard this as a just and reasonable rule. It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact. But the question of whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant,

and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof. The exigencies of justice require the application of such a rule, which we approve and adopt. *Borger v. McKeith,* 198 Wis., 315, 224 N. W., 102, 103 (1944)."

As I have stated, this rule has been adopted in several states by statutory enactment, and that suggestion is made here. The Court, however, is not in position to admit a *non possumus.* The supervision of adjective law is a part of its *raison d' etre.* It is purely a judicial question, involving rules of procedure and evidence, and should be settled in the simple manner applied in other jurisdictions, by leaving to the facts and circumstances of the case the inferences to which our common experience entitles them.

Moreover, the question before us is not moot. The contribution which courts make to sound jurisprudence is an incidental and abstract thing, a matter of slow accretion, often leaving much vicarious sacrifice and suffering in its wake. The most genuine and enduring contribution we can make to that end is to do justice in the particular case, while the right is still alive, on principles which are worthy to survive.

The plaintiffs have not contended that they have made out more than a *prima facie* case. The circumstances in evidence call for clarification by the defendant of facts peculiarly within its knowledge. It chose to risk an adverse verdict, and that result should not be disturbed.

SCHENCK and DEVIN, JJ., concur in dissent.