BOOB ET AL. *v.* FISHER ET AL.

[No. 249, September Term, 1960.]

*Decided May 8, 1961.*

*Motion for rehearing filed May 15, 1961, denied June 22, 1961, and opinion modified.*

The cause was argued before BRUNE, C. J., HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Thomas G. Andrew,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellants.

*Phillips L. Goldsborough, III,* with whom were *Smith, Somerville & Case* on the brief, for Leonard K. Fisher, one of the appellees.

No brief and no appearance for Henley Collins, the other appellee.

PER CURIAM.

Henley Collins, a passenger on a truck driven by Leonard K. Fisher, was injured when that vehicle entered a dust cloud on a road and struck the rear of a tractor, with a road sweeper attachment, operated by Morris Boob, an employee of the Interstate Amiesite Corp. After having received Workmen's

Compensation payments from his employer's compensation carrier, American Motorists Insurance Company, Collins instituted this action in his own behalf and to the use of that insurance carrier against Fisher, Boob and Boob's employer Interstate Amiesite Corporation. The case was tried before the Circuit Court for Howard County (Macgill, J.) and a jury, and resulted in a verdict and judgment in favor of the plaintiff against the three defendants. At the close of the plaintiff's case the defendants offered a motion for a directed verdict which was overruled; and at the close of the entire case these motions were renewed and were again denied. Only the defendants Boob and Interstate Amiesite Corporation appeal. They contend (a) that there was no showing that negligence on their part was a proximate cause of the accident, and (b) that their requested instruction to the effect that any liability on their part was dependent upon the defendant Boob negligently having created the dust cloud and having had actual or constructive knowledge of the road hazard created thereby, was erroneously refused.

It appears clear to this court, however, that neither of these contentions has merit. The jury had before it evidence which, if believed, tended to show that the road sweeping apparatus which the appellant Boob was operating half on the road and half on the dirt shoulder (sweeping both the road and the dirt shoulder) moving at a speed of from one to one and a half miles per hour, had enveloped itself in a cloud of dust, that the apparatus could not be seen by motorists who were behind it because of this heavy cloud and that Boob should have had knowledge of the hazard to motorists thereby created, and should have posted signs or a flagman on the road indicating the presence of the apparatus. No signs were posted on the road which indicated that the road sweeping operation was being carried on, though there was a sign within one mile of the scene of the accident which warned of road construction. The evidence tending to prove these facts was clearly sufficient to require the submission of the question of the appellants' negligence to the jury. Certainly, looking at the evi-

dence under the familiar rule requiring the court to consider its sufficiency in the light most favorable to the plaintiff, this is at the least a case where reasonable minds could reach divergent conclusions as to the appellants' negligence. *Baltimore Transit Co. v. State to Use of Schriefer,* 184 Md. 250, 259, 40 A. 2d 678, and cases there cited. There being evidence legally sufficient to take the case to the jury it is not for this Court to consider the weight and value to be given the evidence by that body. *Weil v. Lambert,* 183 Md. 233, 243, 37 A. 2d 312, and cases there cited.

The question of causation, we note, was squarely presented to the jury.

We find it difficult to follow the appellants' second contention to the effect that the jury should have been further instructed that any liability on the part of the appellants was dependent upon its being shown that Mr. Boob negligently created the dust cloud in that he knew or should have known that he was creating a hazard on the road. Anyone, we think, knows or should know that stirring up a large dust cloud obscuring visibility over a public highway presents a serious hazard to motorists using that highway. Whether or not Mr. Boob was operating the sweeper in such a way as to do this was submitted to the jury. They were further told that if they found that he was doing so, then Mr. Boob and his employer were required to give adequate warning to other users of the highway of the presence of the sweeper; and the question of the adequacy of the warning was also squarely submitted to the jury. In our opinion the instructions were correct and sufficient.

> *Judgment affirmed; costs to be paid by the appellants.*