# MATTHEWS ᴇᴛ ᴀʟ. *v.* STATE, Usᴇ ᴏғ HOFFMAN ᴇᴛ ᴀʟ.

(Two Appeals in One Record)

[No. 345, September Term, 1961.]

*Decided June 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Robert E. Clapp, Jr.,* with whom was *Norman I. Broad-
water* on the brief, for the appellants.

*Stanford Hoff* and *Charles Wagaman,* with whom were
*William J. Dwyer, Sponseller & Hoff* and *Wagaman &
Wagaman* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

On December 7, 1959, James William Hoffman (herein
sometimes referred to as the decedent) was killed as the re-
sult of an accident which occurred at the intersection of State
Route 97 and the Hughes Shop Road, in Carroll County,
Maryland. He was employed as a laborer by the State Roads
Commission. On that date at about 9:20 a. m. he was working
as a helper, riding on a Roads Commission truck, driven by
Charles Ernest Blacksten, engaged in plowing snow on State
Route 97, which connects Westminster with Taneytown, and
runs in an easterly-westerly direction. The State truck was
of one and one-half ton capacity, with metal body, loaded with
salt and equipped with a snow plow in front, a spreader
hitched to its rear, and an amber blinking warning light,
double faced, with a glass lens about eight inches in diameter.

Shortly before the accident the Roads truck had stopped in the Hughes Shop Road, facing Route 97, when an automobile driven by one Haifley proceeding in an easterly direction on Route 97, skidded at the intersection and landed in a snow bank on the south side. He was unable to extricate his automobile and enlisted the aid of the State Roads employees to get his vehicle back on the road. The Roads truck was backed in close to the front of Haifley's car for the purpose of towing it onto the roadway. Haifley attached a chain to the front of his automobile and the decedent hooked the other end of the chain to a hitch on the Roads truck located beside the spreader on the rear of the truck. It was at this time that a dual wheel, two ton, stake body truck, loaded with partially filled gas bottles, weighing over three tons, owned by the appellant Francis S. K. Matthews, and driven by his employee, William Arthur Chase, the other appellant, proceeding in an easterly direction on Route 97 came over the crest of a hill 525 feet west of the scene of the accident, and while proceeding down an incline skidded slantwise so that the right portion of the Matthews truck collided with the spreader and left rear end of the Roads truck, crushing Hoffman between the two trucks. According to the witnesses who saw the decedent immediately prior to the accident he was facing East with his back to the West at the chain connecting the two vehicles.

It had snowed a day or two prior to the accident and Route 97 had been plowed, resulting in a snow bank of one or two feet high just off the macadam surface on each side of the road. At the time of the accident it was snowing lightly. From the crest 525 feet west of the accident to the scene of the accident and eastwardly snow was being blown across the road by a wind blowing south to north. This was a "hard" but a "puffy" wind. There were about one or two inches of slushy snow on the surface of the road, and it was slippery. All witnesses testified that visibility was poor. The amber blinker lights were on all during this time and showed in both directions. Matthews' vehicle was not equipped with snow tires, had no chains on the tires, and none in the truck. Chase, the driver of the truck, testified that the first thing he saw when

he got "middleways" of the hill was a "tractor trailer coming up the hill dodge out around something, and I looked harder and I saw the black lines, the back of the State truck and I pressed on the brakes and when I pressed on the brakes, the truck started skidding." He also testified that his truck was equipped with four forward gears and that at the crest of the hill he shifted to third gear, the gear next to high rather than a lower gear, and decided to permit his truck to "ride down the hill itself, under its own power." He further testified that he "could see at times and at other times it was just like fog and smoke and snow" and that he never saw the blinker light.

Following Hoffman's death two suits were instituted against the appellants, one for wrongful death brought on behalf of the widow and child of the deceased, and the other by the administratrix to recover for funeral expenses and pain and suffering. They were tried before a jury and resulted in substantial verdicts and judgments in favor of the appellees. Motions for directed verdicts were made at the close of the appellees' evidence and at the conclusion of all of the evidence, and also for judgments n.o.v., all of which were overruled, resulting in two appeals.

On these appeals the appellants contend (a) that there was no showing that the appellants were guilty of negligence which caused or contributed to the happening of the accident, and (b) that the decedent was guilty of negligence causing or contributing to the accident.

It appears clear to this Court, however, that neither of these contentions has merit. The jury had before it evidence from which it could have found that at the time of the accident Chase was not maintaining a proper lookout under the weather conditions then existing; that it was not prudent for the driver of this large truck with its load and without snow tires or chains, to have descended the hill in third gear rather than in low gear, when visibility was so poor, and that these were proximate causes of the accident. *Boob v. Fisher,* 225 Md. 278, 170 A. 2d 298; *Brumage v. Blubaugh,* 204 Md. 144, 102 A. 2d 568; *Goldman v. Johnson Motor Lines,* 192 Md.

24, 63 A. 2d 622; *People's Drug Stores v. Windham,* 178 Md. 172, 12 A. 2d 532; 42 A.L.R. 2d 13.

The contention of contributory negligence based upon a conflict in the testimony between the witnesses Blacksten and Haifley as to whether the decedent moved from a position of safety to a position of danger immediately prior to the accident, was clearly a question for the jury to consider under proper instructions, which we find were given by the trial judge in this case.

Certainly looking at the evidence under the familiar rule requiring the court to consider its sufficiency in the light most favorable to the plaintiff, this is at least a case where reasonable minds could reach divergent conclusions as to the appellants' negligence, as well as perhaps contributory negligence on the part of the decedent, so that it was properly submitted to the jury. *Boob v. Fisher, supra; People's Drug Stores v. Windham, supra; Gutheridge v. Gorsuch,* 177 Md. 109, 8 A. 2d 885; *Hilton Quarries, Inc. v. Hall,* 161 Md. 518, 158 Atl. 19.

*Judgments affirmed. Costs to be paid by the appellants.*